[Crim. No. 3176.   Second Appellate District, Division Two.—February 28, 1939.]

THE PEOPLE, Respondent, v. FRED S. SIMPSON, Appellant.

Lee Stanton for Appellant.

Earl Warren, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

WOOD, J.—Defendant was convicted of the crimes of robbery and assault with a deadly weapon. Upon his arraignment he was without counsel and the public defender was appointed by the court to act for him and pleas of not guilty were entered. The trial was set for December 8, 1938. The record discloses that on December 6, 1938, defendant was before the court with Deputy Public Defender Neeley and the following took place: "Mr. Neeley: In this case, if the Court please, because of a difference between counsel and the defendant as to how the matter should be tried, I feel that this is a proper case for us to move that the public defender be relieved, and the defendant desires to have that done. The Court: When .is it set for trial? Mr. Neeley: It is set for trial on the 8th. I am satisfied there is ample time to interview the witnesses, and the defendant informs me this morning that he has at last been able to obtain private counsel. The Court: Simpson, who have you obtained as counsel? The Defendant: Anna Zacsek. I would like to have the case postponed. The Court: Where is Miss Zacsek? The Defendant: I was informed through a friend of mine yesterday that they were going to retain Miss Zacsek. Mr. Neeley: I will state to the Court that I had no chance to notify her to be here. I knew if I waited until I could reach her that it would be that much closer to the trial date, and I thought if it was put on the calendar for today with the understanding that on the 8th it would be continued, it would be all right. The Court: You want no longer the public defender to represent you? The Defendant: That is correct. The Court: Do you want the Court to relieve the public defender

from defending you this morning? The Defendant: Yes. The Court: All right. The public defender is relieved. Now, the case is set for trial on the 8th of December. I will pass on the continuance on December 8th. You had better get private counsel in here as soon as you can. Mr. Neeley: May the record show that the transcript and information are delivered to the defendant? The Court: Yes. Communicate with your attorney immediately. Mr. Neeley: I will call her for the defendant, your Honor.''

Defendant again appeared in court on December 8th with his counsel, Anna Zacsek, whereupon the following took place: ''The Court: *People* v. *Fred S. Simpson.* Miss Zacsek: May it please the Court, in this matter I have been requested by the defendant to represent him. I think it was two days ago. However, there was the matter of finances to be determined. The Court: On December 6th, on request of the defendant, the Court permitted the public defender to withdraw. Miss Zacsek: I cannot represent the defendant unless I have time to study the case and see what, if anything, can be done about it. If it should meet with the Court's approval, and the approval of the district attorney that the matter be continued for some weeks, at that time I believe I would be in a position to handle the matter. The Court: What is your desire about it? The Defendant: That will be all right with me. The Court: Do you want the case continued? The Defendant: Yes, sir. Mr. Richardson: We are ready for trial. The Court: How long will it take to try the case? Mr. Richardson: About a day. The Court: Do you want Miss Zacsek substituted as your attorney in the case? The Defendant: Yes, sir. The Court: I will make that order that she be substituted as attorney. Miss Zacsek: May it please the Court, I didn't catch what the Court said about the motion. The Court: The motion for continuance before the Court is denied. Miss Zacsek: Then if it is denied, and it is to proceed, I cannot go on record. The Court: Very well, I will pass the matter. Mr. Richardson: May I call the witnesses? The Court: Yes. (The witnesses were called by Mr. Richardson.) The Court: How long will it take? Mr. Richardson: Not over a day. The Court: I will pass it. (11:18 o'clock A. M.) The Court: The case of the *People* v. *Fred S. Simpson* is continued until 2 o'clock today.''

The case was again called for trial by the court at 3:50 P. M. on December 8th, defendant appearing without counsel. Defendant again requested the court for a continuance, stating: "I would like to find a lawyer and subpoena my witnesses and talk to them." The court thereupon ordered the jury impaneled and the first witness for the prosecution was examined by the district attorney and by the court but no questions were asked by the defendant. On December 9th other witnesses were called by the prosecution. At the conclusion of the testimony on behalf of the prosecution the court asked the defendant if he wished to offer anything on his own behalf, whereupon the following took place: "The Defendant: Your Honor, I am not represented by counsel and have no knowledge of law, and I stand mute. I don't know anything about law or witnesses. I cannot get out to get witnesses. The Court: You can give the names of your witnesses to the Court and the Court will have them subpoenaed before the court. Do you desire to do that? The Defendant: I have had no opportunity. The Court: I am now affording you the opportunity. The Defendant: I need a week or 10 days. The Court: If you don't care to avail yourself of the Court's offer— The Defendant: I would like to have someone contact them. I don't know where they are. The Court: All right. The evidence is closed. Do you wish to argue the case? Mr. Richardson: I will submit it. The Court: Anything you desire to say to this jury? The Defendant: I have nothing, your Honor."

██ The right of a person accused of crime to the aid of counsel in his defense is a fundamental right which has been recognized and upheld throughout our national history. It has been expressly inserted in the Constitution of California and in the Penal Code. The right has been so zealously guarded that it has been made a misdemeanor for a police officer to refuse to allow an attorney to visit a prisoner upon the request of the accused. (Pen. Code, sec. 825.) This right does not stop short at representation at the trial but it includes the privilege of consultation, advice and assistance in the preparation of the defense. Mr. Presiding Justice Finlayson, in a proceeding involving the right of a prisoner to consult privately with counsel in preparing for the defense in a criminal action, *In re Rider,* 50 Cal. App. 797 [195 Pac. 965], quoted with approval the vigorous language of a de-

cision rendered by the criminal court of appeals of Oklahoma, (*State* v. *Davis*, 9 Okl. Cr. 94 [130 Pac. 962, 44 L. R. A. (N. S.), 1083]) : "It would be a cheap subterfuge of and a senseless mockery upon justice for the state to put a man on trial in its courts, charged with an offense which involved his life, liberty or character, and then place him in such a position that he could not prepare to make his defense . . . In fact, there can be no such thing as a legal trial, unless both parties are allowed a reasonable opportunity to prepare to vindicate their rights . . . " In *Powell* v. *Alabama,* 287 U. S. 45 [53 Sup. Ct. 55, 77 L. Ed. 158, 84 A. L. R. 527], the much-discussed "Scottsboro" case in which several Negroes had been condemned to death, the court held that the denial of the assistance of counsel contravenes the due process clause of the Fourteenth Amendment to the federal Constitution. Mr. Justice Sutherland stated on behalf of the court: "The prompt disposition of criminal cases is to be commended and encouraged. But in reaching that result a defendant, charged with a serious crime, must not be stripped of his right to have sufficient time to advise with counsel and prepare his defense. To do that is not to proceed promptly in the calm spirit of regulated justice but to go forward with the haste of the mob . . . it is the duty of the court, whether requested or not, to assign counsel for him as a necessary requisite of due process of law; and that duty is not discharged by an assignment at such a time or under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case."

Although the deputy public defender could not bind the court, he stated that he had put the matter of his being relieved on the calendar for December 6th with the understanding that on December 8th it would be continued. It is apparent that he considered that a continuance would probably be necessary when the matter was called for trial. The court approved the withdrawal of the public defender on December 6th with the knowledge that defendant had not at that time actually engaged or consulted with counsel and insisted upon the trial of the case two days later notwithstanding the statement of the new attorney who then appeared for defendant that she was not prepared to take charge of the defense. The court ordered the substitution of Miss Zacsek as attorney for defendant after she had stated

to the court that she could not represent defendant without time to prepare the defense, and denied the continuance after the substitution was made. When the court denied the motion for a continuance Miss Zacsek said: "Then if it is denied, and it is to proceed, I cannot go on record." To this the court replied: "Very well, I will pass the matter." Thereafter the case was continued until the afternoon session, at which time Miss Zacsek failed to appear and the court ordered the trial to proceed in the absence of any representation of defendant.

To deny reasonable time for counsel to prepare for trial is to strip the right of representation of much of its value. Counsel should be allowed ample time to talk to and advise the accused, subpoena and interview witnesses and properly prepare written instructions for delivery to the court at the time of trial. After Miss Zacsek was notified that she was to represent defendant a period less than two days for the actual work of preparation remained before the hour of trial. By compelling defendant to stand trial after such a brief period for preparation the court deprived defendant of a substantial right, a right guaranteed him by the Constitution. If convictions are to be upheld by reviewing courts the trial judges must see that defendants are accorded fair trials.

The judgments are reversed and a new trial is ordered.

Crail, P. J., and McComb, J., concurred.