[Crim. No. 2506.  First Dist., Div. Two.  June 18, 1948.]

THE PEOPLE, Respondent, v. FRANK S. AVILEZ,
Appellant.

Melvin M. Belli and Emmet F. Hagerty for Appellant.

Fred N. Howser, Attorney General, David K. Lener, Deputy Attorney General, Edmund G. Brown, District Attorney,

and Thomas Lynch, Assistant District Attorney, for Respondent.

NOURSE, P. J.—Defendant appeals from the judgments of conviction in sixteen actions against him comprising seven counts of rape, section 261 of the Penal Code, four counts of assault to commit rape, section 220 of the Penal Code, one count of assault with a deadly weapon, section 245 of the Penal Code, 10 counts of robbery, section 211, Penal Code, and 10 counts of burglary, section 459, Penal Code, in relation to 14 separate attacks on female victims, adjudged to have been committed by defendant in San Francisco in the period from December 7, 1946, to July 11, 1947.

Appellant, on being arraigned in the Municipal Court of the City and County of San Francisco, pleaded guilty as to each of the 32 counts. He was then represented by the public defender. However, when appellant appeared before the superior court for judgment his present attorneys were substituted. They interposed in his behalf the following motions: 1. To be allowed to withdraw his pleas of guilty on the grounds of (a) lack of mental capacity, (b) duress, mistake and promise of reward influencing the pleas, (c) because the pleas were entered without advice of counsel of his own choice or any counsel and because the knowledge of the availability of private counsel was withheld from him. 2. For continuance for psychiatric examination. 3. For probation. 4. To test defendant's sanity under section 1368 of the Penal Code. 5. To proceed under sections 5500 et seq., of the Welfare and Institutions Code. 6. In arrest of judgment.

These motions were supported by an affidavit of the attorneys and testimony of the defendant; witnesses were also heard in opposition. The court then granted the defendant's motion for psychiatric examination pursuant to section 1368 of the Penal Code and ordered all other proceedings stayed.

Written reports of three qualified psychiatrists agreed that defendant was a "psychopathic personality" but that there was no "psychosis" and that he was legally responsible. On the basis of these reports and the evidence, the court adjudged the defendant to be legally sane, as provided in section 1368 of the Penal Code and denied the other motions.

Judgment was then passed as to each count except one count of burglary with intent to commit rape which was dismissed. In all causes the court fixed the degree of each rob-

bery at first degree, found that the defendant at the time of each burglary was armed with a deadly weapon, to wit, a knife, and sentenced defendant to San Quentin for the terms prescribed by law, the sentences to run concurrently so far as they involved the same victim, but consecutively as to the 14 separate acts involving different victims.

On appeal counsel contends that defendant was deprived of his liberty without due process of law, that he was not accorded a fair or any trial, that he was not accorded benefit of counsel, and that he was taken advantage of by hurried proceedings concurred in by both the district attorney and the committing magistrate. He argues that on these grounds he should have been allowed to withdraw his pleas of guilty, quoting *People* v. *McGarvy*, 61 Cal.App.2d 557 [142 P.2d 92]. The only ground requiring extended discussion is that relating to the proceedings before the committing magistrate.

Appellant was arrested on Saturday, July 12, 1947, about 9 a. m. and for many hours questioned by police inspectors and assistant district attorneys. He was booked at the city prison at 5 p. m. of that day. On Monday, July 14, 1947, he appeared in the municipal court where bail was set at $200,-000 bond or $100,000 cash. He was then represented by the public defender. The public defender asked whether defendant intended to employ private counsel, to which defendant answered "yes." On Monday night his present counsel visited appellant in the city prison. Inspector Breen testified that after the visit of counsel, appellant told him that the attorneys wanted him to plead insanity, that he did not want to do so, that he was sane and guilty and wanted to get this over as soon as possible.

On Tuesday, July 15, at about 9:30 a. m. the private counsel telephoned R. Swettman, chief of the complaint division in the district attorney's office at the Hall of Justice and advised him that appellant's family had retained them, that they would appear that morning for appellant and requested that the case be held until they got there. Mr. Swettman agreed that he would notify the court. Mr. Swettman informed the judge in chambers that he had received the phone call, but Inspector Breen, who went in with him, told the judge that appellant wanted the public defender to defend him. Neither the appellant nor the public defender, both present in court, were informed of the message of the retained counsel. Before the hearing Inspector Breen told the public defender that

the appellant wanted him to represent him, and defendant affirmed this. The public defender then said, "there are 32 charges against you." Appellant answered, "I know; I have admitted them all; I want to plead guilty." The public defender did not discuss the nature of the charges with appellant. All the information he had concerning the alleged offenses was gained from looking through the complaints that morning. He had no other conversations with appellant; he did not discuss appellant's mental capacity with him.

When shortly thereafter appellant appeared before the court the following took place with respect to his representation: "The Court: Frank Avilez you told us yesterday morning, when you appeared before this Court, in response to a question of this Court, (and) Mr. Kenny, the Public Defender, the statement was made by you that you were going to obtain private counsel, have you changed your mind about that?

"The defendant: Yes.

"Mr. Kenny: He stated he has no funds. His wife visited the office and she has no funds to employ private counsel.

"The Court: It will be the order of this Court that Mr. Gerald Kenny, the Public Defender, will be appointed to represent Frank Avilez in these proceedings."

The taking of the pleas commenced immediately after the appointment of the public defender. His role with respect to the pleas consisted in informing the court that appellant intended to plead guilty on each of the 32 charges and that they waived the reading of all complaints. He did not avail himself of the continuance to which the court told the appellant that he was entitled to prepare his defense. When his present counsel appeared in court the hearing had been completed and the appellant had been bound over to the superior court. We think that these facts show a violation of appellant's basic right to the assistance of counsel for his defense.

▌ This right is guaranteed in our courts by article I, section 13 of the California Constitution and in the federal courts by the Sixth Amendment to the United States Constituion; a violation of that right may under some circumsances amount to a denial of due process under the Fourteenth Amendment (*People* v. *Chesser,* 29 Cal.2d 815, 820 [178 P.2d 761]; *Powell* v. *Alabama,* 287 U.S. 45, 60 [53 S.Ct. 55, 77 L.Ed 158, 84 A.L.R. 527]; *Glasser* v. *United States,* 315 U.S. 60, 70 [62 S.Ct. 457, 86 L.Ed 680]). In the federal courts

the right is an absolute requirement under the Sixth Amendment (*Johnson* v. *Zerbst*, 304 U.S. 458, 467 [58 S.Ct. 1019, 82 L.Ed 1461]) but the same fixed requirement does not apply to state courts under the due process clause of the Fourteenth Amendment, although the assistance of counsel may sometimes be essential as part of due process both where an accused contests a charge against him or pleads guilty. (*Foster* v. *People of State of Illinois*, 332 U.S. 134, 137 [67 S.Ct. 1716, 91 L.Ed. 1955]; *Bute* v. *People of Illinois*, 333 U.S. 640 [68 S.Ct. 763, 92 L.Ed. ——].) However, the same right guaranteed an accused in federal courts by the Sixth Amendment is protected in this state by article 1, section 13 of our Constitution (*People* v. *Lanigan*, 22 Cal.2d 569, 575 [140 P.2d 24, 148 A.L.R. 176]); it was adopted to secure to the accused person all the benefits which may flow from the employment of counsel to conduct his defense (*In re Rider*, 50 Cal.App. 797, 799 [195 P. 965]); as in the federal courts it is considered a fundamental right without which there is no legal trial (*People* v. *Simpson*, 31 Cal.App.2d 267, 270-271 [88 P.2d 175]). Our state courts will therefore maintain this right absolutely and to the full extent, even when they are not forced to do so by federal review.

The protection so guaranteed is not provided by a mere "token" or "pro forma" appearance of an attorney (*People* v. *Chesser, supra*, 29 Cal.2d 815, 821) but a defendant is entitled "to the effective and substantial aid of counsel at all stages of the proceeding." (*People* v. *Zammora*, 66 Cal. App.2d 166, 235 [152 P.2d 180].) An appointment of counsel without opportunity to confer with the accused and to prepare his defense could convert the appointment into a sham and a mere formality which would not satisfy the constitutional guarantee. (*People* v. *Dorman*, 28 Cal.2d 846, 850 [172 P.2d 686]. To the same general effect: *People* v. *Lanigan, supra*, 22 Cal.2d 569, 577; *People* v. *McGarvy*, 61 Cal.App.2d 557, 561 [142 P.2d 92]; *Powell* v. *Alabama, supra*, 287 U.S. 45; *Hawk* v. *Olson*, 326 U.S. 271 [66 S.Ct. 116, 90 L.Ed. 61]; *Johnson* v. *United States*, 110 F.2d 562; *McDonald* v. *Hudspeth*, 41 F.Supp. 182, 187). This fundamental right to the aid of counsel applies also to preliminary examination and arraignment (Pen. Code, §§ 858, 987; *People* v. *Napthaly*, 105 Cal. 641 [39 P. 29]) and is not obviated by a plea of guilty · (*People* v. *Chesser, supra*, 29 Cal.2d 815, 821; *Williams* v. *Kaiser*, 323 U.S. 471, 474 [65

S.Ct. 363, 89 L.Ed 398]; *Walker* v. *Johnston*, 312 U.S. 275, 280 [61 S.Ct. 574, 85 L.Ed. 830].). Where a defendant is entitled to counsel he should be afforded a fair opportunity to secure counsel of his own choice. (*People* v. *McGarvy*, *supra*, 61 Cal.App.2d 557, 562; *Powell* v. *Alabama*, *supra*, 287 U.S. 45, 53; *United States* v. *Bergamo*, 154 F.2d 31, 34; *People* v. *McLaughlin*, 291 N.Y. 480 [53 N.E.2d 356]; *Walker* v. *State*, 194 Ga. 727 [22 S.E.2d 462, 465]; *Jackson* v. *State*, 55 Tex.Cr. 79 [115 S.W. 262, 264, 131 Am.St.Rep. 762].) "That right, based as it is on a fundamental principle of justice, must be protected by the trial judge" (*People* v. *McLaughlin*, *supra*, 53 N.E.2d 356, 357) "and with a caution increasing in degree as the offenses dealt with increase in gravity." (*Glasser* v. *United States*, 315 U.S. 60, 71 [62 S.Ct. 457, 86 L.Ed. 680].)

In the present case a fair opportunity to secure the aid of counsel of his own choice was withheld from defendant and the aid of counsel furnished was not effective and substantial. As set out before, the record shows that the public defender stated to the court in the presence of appellant that the intention to employ private counsel was abandoned because neither appellant nor his wife had funds. Nevertheless the court, and the district attorney, both informed that private counsel was retained and on their way, failed to apprise appellant or the public defender of that fact. By omitting this they failed to protect appellant's right to an attorney of his own choice and actually deprived him of the opportunity to have the assistance of his present counsel in the entry of his pleas.

It is true that the retained counsel did not appear at the time the cause was set for hearing. In their affidavit they state that at the time set they were appearing in federal court; that in such a case it was customary to inform the court in the way they did and that normally the case would then be held until arrival of counsel. This statement is not disputed. Although the courts cannot in every case await the convenience of some attorney, they should exercise care not to handicap to his prejudice a defendant who is not responsible for the fact that his counsel is engaged elsewhere. (*People* v. *Manchetti*, 29 Cal.2d 452, 458 [175 P.2d 533]; see also *Walker* v. *State*, *supra*, 22 S.E.2d 462, 465.) Under the circumstances of this case the absence of the retained counsel cannot excuse their tacit elimination.

296

■ With respect to the ineffectiveness of the aid of the public defender in this case the following language from *Powell* v. *Alabama, supra,* 287 U.S. 45, 48, seems appropriate if only the word "trial" is replaced by "plea": "It is not enough to assume that counsel thus precipated into the case thought there was no defense, and exercised their best judgment in proceeding to trial without preparation. Neither they nor the court could say what a prompt and thorough-going investigation might disclose as to the facts. No attempt was made to investigate. No opportunity to do so was given. Defendants were immediately hurried to trial. Chief Justice Anderson, after disclaiming any intention to criticize harshly counsel who attempted to represent defendants at the trials, said: 'The record indicates that the appearance was rather pro forma than zealous and active.' Under the circumstances disclosed, we hold that defendants were not accorded the right of counsel in any substantial sense."

■ The public defender, heard as a witness for the People, contended that when appellant declared to him that he wanted to plead guilty there was nothing else for him to do without obstructing justice. With this point of view, presented also by respondent, we do not agree. The public defender stands in the same relation to the accused he is appointed to represent as an attorney regularly retained. (*In re Hough,* 24 Cal.2d 522, 529 [150 P.2d 448].) It is his task to investigate carefully all defenses of fact and of law which may be available to the defendant and confer with him about them before he permits his client to foreclose all possibility of defense and submit to conviction without a hearing by pleading guilty. This applies with special force to cases like the one at bar where defendant stands accused of a great number of serious crimes, many of which involve distinctions of degrees and circumstances (compare *Williams* v. *Kaiser,* 323 U.S. 471, 474-475 [65 S.Ct. 363, 89 L.Ed. 398]). By giving his client such aid the attorney does not obstruct, but assists justice.

■ As in *People* v. *McGarvy, supra,* 61 Cal.App.2d 557, 561, there was here undue haste in the disposition of the pleas by the court, the prosecution and the defense. "The defendant needs counsel and counsel needs time." (*Hawk* v. *Olson,* 326 U.S. 271, 278 [66 S.Ct. 116, 90 L.Ed. 61].) The insufficient time afforded to appellant violated his constitutional right to full defense of counsel of his own choice. (Compare also *Powell* v. *Alabama, supra,* 287 U.S. 45, 59; *Walleck* v.

*Hudspeth,* 128 F.2d 343, 345; *Dumas* v. *State,* 54 Okla.Cr. 207 [16 P.2d 886, 888].) None of the cases cited squares exactly with the facts of this case. The case most similar is *People* v. *McGarvy, supra,* 61 Cal.App.2d 557, on which appellant mainly relies. In that case the defendant was arrested on a Sunday morning; the following afternoon he was arraigned in the justice's court on a complaint in two counts, one of murder, one of manslaughter; he then stated that he wanted an attorney but had no money and asked whether an attorney could be appointed by the court. He was advised that the justice's court had no such authority but that he did not need an attorney at the preliminary hearing. The court then adjourned till the following day at 2 o'clock. That same Monday a girl who wanted to inform defendant that the family had procured a lawyer for him, who would visit him the next morning, was refused admission to the defendant by the sheriff's office. On Tuesday the defendant was brought into court at 10:25 a. m. instead of 2 p. m. Before pleading he had a conversation of 20 to 30 minutes with an attorney whom the district attorney had requested to ''at least talk to him.'' He then pleaded ''guilty'' to the charge of manslaughter and ''not guilty'' to the charge of murder upon the attorney's advice. Ten minutes later he appeared with the attorney before the superior court for sentence. Upon motion of the district attorney the murder charge was dismissed and defendant sentenced on his plea of guilty of manslaughter. When the retained counsel arrived Tuesday at 11 o'clock the proceeding had been concluded. Motion to set aside the judgment and change the plea was denied.

There are obvious distinctions also between these facts and those in the case at bar, but there is a certain similarity and it is important that the court in the McGarvy case applies to these facts the same recognized principles we have set out here and concludes that the defendant should have been permitted to change his plea. We are convinced that also in this case appellant should have been granted such permission.

Respondent argues that the withdrawal of a plea of guilty is in the sound discretion of the trial court and requires establishing of mistake, fraud, duress or overreaching (citing among other cases *People* v. *Butler,* 70 Cal.App.2d 553, 561 [161 P.2d 401]). There are expressions to that effect in that case and in others in which the accused pleaded guilty in the expectation of immunity, probation or clemency (e. g., in *In*

*re Hough, supra,* 24 Cal.2d 522, 531) but we do not understand these expressions to exclude the right to withdraw a plea vitiated by violation of constitutional rights not enumerated. The right to withdraw a plea of guilty vitiated by lack of counsel is recognized in *People* v. *Chesser, supra,* 29 Cal.2d 815, and *People* v. *McGarvy, supra,* 61 Cal.App.2d 557. The denial of appellant's motion to withdraw his plea on that same ground constituted an abuse of discretion.

Neither can the judgment be upheld on the ground that appellant does not deny guilt and is therefore not prejudiced. In the affidavit of his attorneys it is stated that appellant is not guilty of all the charges to which he has pleaded. At any rate the question of guilt or innocence is not decisive where in the course of the trial essential rights of the defendant are disregarded or denied. (*People* v. *Cowan,* 44 Cal.App. 2d 155, 159-160 [112 P.2d 62] ; *People* v. *Dorman, supra,* 28 Cal.2d 846, 852.) ''The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial.'' (*Glasser* v. *United States, supra,* 315 U.S. 60, quoted in *People* v. *Lanigan, supra,* 22 Cal.2d 569, 575.)

Appellant incorporates in his opening brief (pp. 5-14) all of the attorneys' affidavit filed in the superior court and certain evidence there given by appellant but he does not base any specific argument on it. It is not clear whether the contentions other than those treated above are maintained on appeal or not. At any rate they are of little weight. The mental incapacity to plead is refuted by his having been found legally sane and by the opinion of his own expert: ''The subject is triable. He has no such mental disorder as prevents his being able to conduct a just and rational defense through his attorneys.'' His contention as to duress (handcuffing and lack of food during many hours of interrogation; that he was threatened with a kidnapping charge if he did not talk and the promise that he would get only five years if he cooperated) were expressly denied by competent evidence.

The contention that the public defender advised him to plead guilty, that ''everything will be all right,'' and that they would try to have all sentences run concurrently was denied by the public defender as a witness. Appellant's contentions that he did not understand or remember to what he had pleaded guilty need not be worthy of belief in the light of the reports

of the psychiatrists as to his memory and understanding. As to all these points there is a substantial conflict in the evidence resolved by the superior court.

However there is no conflict in the record with respect to the undue haste and the denial of appellant's right to effective representation by counsel of his choice.

The judgment is reversed and the cause remanded for trial. It is further ordered that the trial court shall permit defendant to change his plea if he be so advised.

Goodell, J., and Dooling, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 15, 1948. Shenk, J., voted for a hearing.