[Crim. No. 2869. First Dist., Div. Two. Dec. 22, 1952.]

THE PEOPLE, Respondent, v. EDWARD JORDAN, Appellant.

Arthur D. Klang for Appellant.

Edmund G. Brown, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

NOURSE, P. J.—Defendant appeals from a judgment sentencing him to serve one year in the county jail and denying his request for probation. The appeal presents no legal

difficulties. Defendant was charged with a violation of section 702 of the Welfare and Institutions Code—contributing to the delinquency of a minor. The minor was a boy of 16 years. Defendant had previously served five and one-half years in the state penitentiary for violations of sections 288 and 288a of the Penal Code. He was an old offender and hence familiar with court procedure.

When called for arraignment he informed the court that he had no lawyer. The court continued the hearing and told him it would call in the public defender. At the second hearing he told the court that he did not want a lawyer—that he would plead guilty. The court then informed him of the nature of the charge and of his right to counsel. We quote from the reporter's transcript:

"The Court: This being a misdemeanor, you are, if you desire, entitled to the advice of an attorney. We would have the Public Defender out here Monday if you want, but if you are satisfied that you understand the nature of the charge you are not required necessarily to have an attorney, it being a misdemeanor; but of course it is your privilege. Do you want to waive the right to be represented by an attorney in this misdemeanor proceeding? The Defendant: Yes, I will do that. The Court: And you know the nature of the charge that I just read and you desire to enter a plea at this time? The Defendant: I will enter a plea of guilty."

The appeal is based upon a false premise. Appellant rests on the provisions of section 1018 of the Penal Code which declare that no plea of guilty "of a felony" shall be received where the defendant is not represented by counsel unless the court shall first inform the defendant of his right to counsel and unless the defendant shall state in open court that he does not desire counsel. Though the section applies only to a felony plea the procedure was carefully followed in this case.

There is nothing in *People* v. *Avilez,* 86 Cal.App.2d 289 [194 P.2d 829], which is contrary to this conclusion. There the defendant had been charged with 32 felonies and entered the guilty pleas because of misrepresentations of the public defender.

Judgment and order affirmed.

Dooling, J., concurred.