[Crim. No. 5454.    Second Dist., Div. Three.    Sept. 12, 1955.]

In re ROBERT L. MAJOR, on Habeas Corpus.

Alexander H. Schullman and Abe Mutchnik for Petitioner.

Roger Arnebergh, City Attorney (Los Angeles), and Philip E. Grey, Deputy City Attorney, for Respondent.

VALLÉE, J.—On the petition of Robert L. Major for a writ of habeas corpus, a writ was issued. A return was filed and a hearing was held, at which it was stipulated that the petition be treated as a traverse to the return.

On November 1, 1954, a complaint numbered 0503112 was filed in the municipal court of Los Angeles Judicial District charging petitioner in two counts with having, on October 4, 1954, violated sections 742a[1] and 250a[2] of the Vehicle Code. On December 8, 1954, a complaint numbered V-54773 was filed in the same court charging petitioner in three counts with having, on December 7, 1954, violated sections 502,[3] 250a,[4] and 332[5] of the Vehicle Code. On December 8, 1954, petitioner was arraigned and entered his plea of not guilty to the five counts charged in the two complaints. He demanded a jury trial, which was set for January 6, 1955. He was released on his own recognizance in 0503112 and on bail in V-54773.

When the matters came on for hearing on January 6 the following occurred: "MR. LEVIE [an attorney]: He is out in the hall, your Honor. I don't represent him but I know he is here. MR. SRESOVICH: (Deputy City Public Defender): He is here, your Honor. THE COURT: Are you Robert Major? MR. MAJOR: Yes, sir. THE COURT: What do you want to do in this matter, Mr. Major? MR. MAJOR: Your Honor, I would like to have—if I could have a delay for about ten days. I have to appear—— THE COURT: Very well. We will take it at the end of the calendar. Don't leave this courtroom again, sir, until I tell you. You have to be here in court, not in the hallway someplace roaming around. You weren't here at 9 o'clock and you weren't here at 9:20. MR. MAJOR: I was here. I couldn't get in. I just stayed there until I could. THE COURT: Just stay in this courtroom. (Other court matters.) THE COURT: Mr. Major, you indicated you had a motion

---

[1]Promise to appear before a magistrate or a person authorized to accept bail.

[2], [4]Driving without a license.

[3]Driving while under influence of liquor.

[5]Driving at a time license suspended.

to make at this time, sir. Mr. Major: Sir? The Court: You indicated that you had a motion. Mr. Major: Yes. I am not represented by counsel. My counsel, Mr. Levie is in the courtroom No. 5 over here at the present time. The Court: He is not your attorney, sir. Mr. Major: Yes, he is representing me. The Court: He so advised us this morning that he was not your attorney. You may have talked to him but you apparently did not pay him anything to represent you. Mr. Major: Well, your Honor, if I may say something. From last September 21st—I have a claim coming up of $555. The Court: Mr. Major, you have been on bail in this matter since the 6th day of December. You had plenty of time to contact an attorney and you have not done so. That isn't my fault. Mr. Major: I understand, your Honor, but the fact is that they wouldn't call me until all the claims were in. The Court: The defendant's motion to continue will be denied. Mr. Major, what do you wish to do with the matter? Do you wish a Court Trial or a Jury Trial? Mr. Major: I wish a Court Trial, your Honor, but I am going to plead not guilty. The Court: Then you wish a Court Trial, is that correct? Mr. Major: Yes, sir. The Court: Very well. Have a seat, Mr. Major. We will get around to it as quickly as we can. (Other court matters.) The Court: The People versus Robert L. Major. Mr. Sresovich: That will be a change of plea, your Honor. The Court: The People against Robert L. Major. Mr. Fielding [Deputy City Attorney]: I have been advised by an Officer, your Honor, that I believe this defendant will change his plea if given a stay of execution. The Court: Mr. Major, you have indicated to someone in the courtroom that it is your desire to plead guilty to these charges, is that correct, sir? Mr. Major: Before I plead, may I say that the Public Defender, I think, advised me that I could have at least two weeks in order to straighten out my financial affairs. Mr. Sresovich: He wants two weeks for sentence. The Court: Mr. Major, I am not inclined to do that. We are not going to set the case for plea with any conditions on the matter at all. (Other court matters.)

"The Court: The People against Robert L. Major.

"Mr. Fielding: If your Honor please, at this time, the People would ask leave to file an amended complaint in this matter. We would like to file an amended complaint setting forth an additional Count and setting forth other Counts in full in the matter of 0503112. [The additional count charged

a violation of section 332, different·from the one charged in V-54773.]

"THE COURT: Very well. The amended complaint will be received. Mr. Major, this complaint charges exactly the same violation as before. It merely sets out in full the charge on the citation, namely, that you did not have an operator's license, and an additional charge that at that time that your privilege to drive an automobile had been taken from you by the Department of Motor Vehicles. You previously entered a plea of not guilty to these charges. I presume that you still enter the same plea, is that correct?

"MR. MAJOR: Correct, sir.

"MR. FIELDING: That is as to 3 Counts. He has not been arraigned as to Count III.

"THE COURT: Count III charges that you were driving while your license was suspended. Do you wish to plead not guilty to that charge also, sir?

"MR. MAJOR: Well, your Honor, I don't know how to plead because I am not represented by counsel.

"THE COURT: Well, the Court will enter the same plea of not guilty on your behalf. Just have a seat there, Mr. Major. We will take both matters right here, Mr. Major. Come right up to the table, sir. You may proceed at will with whichever one you wish to take.

"MR. FIELDING: If your Honor please, this matter in which the defendant has not been arraigned until today was not on my calendar this morning. There was an Officer here and they showed me a subpoena. We cannot find it on my calendar or the Bailiff's calendar, in which case I excused the Officer.

"THE COURT: Get him back for that, then. I will continue this one until 1:30. You are going to try No. 54773?"

Petitioner was then tried by the court on complaint V-54773. He was found guilty on counts I and III as charged in that complaint and sentenced to 180 days in the city jail on each count, the sentences to run consecutively. Count II was dismissed. Case 0503112 was then continued to January 7.

Case 0503112 was called instead at 1:30 p. m. on January 6 when the following took place: "THE COURT: The People against Robert L. Major. MR. SRESOVICH: (Deputy City Public Defender): He wishes to plead guilty to Counts I and III. MR. FIELDING: The People wish to dismiss Count II, your Honor. THE COURT: Are you ready for sentence? MR. SRESOVICH: Yes, sir, he is. THE COURT: Count I will be 180 days in the City Jail and in Count III it will be 180 days in

the City Jail. They will run consecutively with each other and consecutively [with] the sentences given this morning.''

Petitioner, as a part of his traverse to the return, filed an affidavit in which he states that Attorney Gerald J. Levie represented him in other matters; within a few days after December 8, 1954, on which day he was arraigned on complaints V-54773 and 0503112, he requested his mother to contact Levie and request him to represent petitioner in the trial set for January 6, 1955; at all times, to and including the day of the trial, he believed his mother had contacted Levie and believed he would be represented by Levie at the trial; on the morning of January 6 he called Levie's office and was told that Levie was on his way to court and could be seen outside of Division 7; he then went to Division 7, found Levie, and discussed with him the fact that he was to represent him (petitioner) as counsel for that trial; Levie answered, ''I am busy right now—I must make an appearance in another court room, but will be back. Meanwhile, go on in and plead 'not guilty' when you are called''; he did not see Levie again that day. The affidavit further states petitioner believed he had engaged Levie to represent him and so stated to the judge; on the judge's telling him he had not paid Levie anything to represent him, he ''hastily conceived the opinion in his mind that even though one retains an attorney, he cannot be represented by him if he has not already paid the attorney's fee,'' and he attempted to justify his failure to pay by telling the judge about a claim for $555 which he expected to receive as a result of an accident; while sitting in the courtroom awaiting trial, a person who did not identify himself but who he now believes to have been Sresovich, a deputy city public defender, approached him and suggested he change his plea from guilty to not guilty; Sresovich in no manner suggested that he intended to intervene in the defense of petitioner; he asked Sresovich if after he changed his plea he would receive a 2-week stay of execution so he could arrange his affairs; Sresovich said he would see what he could do, and when the cases were called he told the judge there would be a change of plea; the judge refused to accept a plea conditioned on a stay of execution and ordered the trial to begin. The affidavit also states that after he had been convicted on the charges in V-54773 and while in the detention room awaiting transportation to the city jail, a uniformed officer told him someone wanted to see him; he was taken into the hall and met Sresovich, still unidentified, who

suggested that he (petitioner) go back with him to the courtroom, saying "We can settle this right now, and not have to wait 'til tomorrow," that if he changed his plea of guilty on the counts of 0503112 a judge would allow the new counts to run concurrently with those under V-54773 and he would be allowed to serve his time in a road camp or farm rather than in the city jail; he (petitioner) felt a change of plea would indicate a willingness on his part to cooperate with the authorities and would give him an opportunity to serve his time in a road camp; he then went into the courtroom, heard the person he now knows as Sresovich tell the court he wanted to change his plea, and he did so; Sresovich did not at any time indicate that he was a deputy city attorney (deputy city public defender) or indicate he was appearing in his behalf.

The return to the writ consists in part of an affidavit by Levie and one by Sresovich. Levie states: many months prior to December 1954 he represented petitioner in other matters; he had no contact with petitioner or anyone acting in his behalf with respect to cases V-54773 and 0503112 prior to January, 6, 1955; he was never retained; on January 6 he saw petitioner outside of Division 7 prior to 9 a. m.; petitioner told him he was scheduled to go to trial that day on charges of violating the Motor Vehicle Code and asked him if he could represent him; he told petitioner he could not represent him because he had not contacted him prior to January 6 and because he (Levie) was engaged in another trial; petitioner said he wanted to go to trial; he suggested to petitioner that he stand trial, but that he could not act as his attorney; later that morning he was in Division 7 and one of the clerks of the court asked him if he represented petitioner and he replied that he did not.

Sresovich states: he is a deputy city public defender assigned to Division 7; on January 6 he consulted with petitioner at the request of the court, after a motion for a continuance was denied, to determine whether petitioner wished to be tried by the court or by a jury; he told petitioner he was a deputy public defender; at no time did he advise, solicit, attempt to induce, or influence petitioner to change his plea from not guilty to guilty; he asked the court on petitioner's behalf if the matter of sentence could be continued; on denial of this request, petitioner requested a court trial; after petitioner had been convicted in V-54773, he was removed to the detention room; while petitioner was there he (Sresovich)

was advised petitioner wanted to see him; petitioner said to him that since he had been found guilty in V-54773 he wished to plead guilty in 0503112 which was set for the following day, and requested him to have that case advanced for that purpose; he requested the officer in charge to have petitioner returned to Division 7 for that purpose; at no time did he advise what the sentence would be or that it would run concurrently with any other sentence or that road camp would be recommended.

Petitioner contends his constitutional rights were violated and his pleas of guilty vitiated because he was denied the aid of counsel.

■ The writ of habeas corpus may not be used as a substitute for an appeal, but if fundamental constitutional rights of the petitioner have been violated the writ will lie. (*In re James*, 38 Cal.2d 302, 309 [240 P.2d 596].) ■ The right to counsel is a fundamental constitutional right which has been, and should be, carefully guarded by the courts of this state. (*Id.*, 310; *In re McCoy*, 32 Cal.2d 73 [194 P.2d 531].) The record shows without contradiction that after petitioner was sentenced and was confined in the city jail he made every reasonable effort to secure counsel in order to appeal but failed to do so.

It may reasonably be concluded from the record that petitioner was not deprived of the right to the assistance of counsel with respect to the charges in case V-54773 or with respect to the charges in counts I and II of the complaint in case 0503112. Petitioner was arraigned on both complaints on December 8, 1954, and informed of the charges against him. ■ At that time he was informed of his legal rights, which we must presume included the right to counsel. (*People* v. *Hickok*, 96 Cal.App.2d 621, 624-627 [216 P.2d 140].) He did not request the court to appoint counsel for him. The cases were set for trial on January 6, 1955. Petitioner was released on his own recognizance and on bail. So far as the record shows, he did nothing to obtain counsel between December 8, 1954, and January 6, 1955, other than to ask his mother to call Levie. There is no showing that his mother called Levie or that he ever made any inquiry of his mother about a call. He had had previous brushes with the law and knew the importance of having counsel. ■ A defendant is not compelled to employ counsel, either of his choice or assigned. His right to assistance of counsel may be waived. (14 Cal.Jur.2d 401, § 165.) It must be held with respect to

the counts in V-54773 and to counts I and II in 0503112, that petitioner elected to waive the assistance of counsel.

A *different situation exists with respect to count III in* 0503112. As we have noted, when petitioner was in court on January 6, 1955, for trial, insisting that Levie represented him and when informed that Levie was not representing him stating he was not represented by counsel, an amended complaint was filed which included a new and additional charge of violating section 332 of the Vehicle Code, driving while his license was suspended. Without more ado, the judge stated he presumed petitioner would enter a plea of not guilty to that charge, to which petitioner responded that he would. The city attorney then informed the judge that petitioner had not been arraigned on count III. The judge told petitioner that count III charged him with driving while his license was suspended and asked him if he wished to plead not guilty to that charge also, to which petitioner replied, "Well, your Honor, I don't know how to plead because I am not represented by counsel." The judge then entered a plea of not guilty on petitioner's behalf but said nothing about counsel. Case V-54773 was then tried, and at its conclusion 0503112 was continued to the next day. Shortly thereafter and while petitioner was in the detention room awaiting transfer to jail, Sresovich was contacted, petitioner told him he wished to change his plea, Sresovich so informed the court, the plea was changed, and petitioner sentenced.

Section 738 of the Vehicle Code provides:

"(a) Whenever a person is arrested for a misdemeanor and is taken before a magistrate, the arresting officer shall file with said magistrate a complaint stating the offense with which said person is charged.

"(b) The person so taken before a magistrate shall be entitled to at least five days' continuance of his case in which to plead and prepare for trial and said person shall not be required to plead or be tried within said five days unless he waives such time in writing or in open court."

This statutory safeguard of the rights of a defendant was abruptly disregarded with respect to count III of case 0503112.

The Supreme Court of the United States in *Powell* v. *Alabama*, 287 U.S. 45 [53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527], declared (287 U.S. 68):

"The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by

counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and the knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him.''

One purpose of the constitutional guaranty of assistance of counsel for the defense of an accused is to protect the accused from his own ignorance of his legal and constitutional rights, and the guaranty may not be nullified by a plea of guilty under the circumstances shown by the record. (*Cf. People* v. *Chesser,* 29 Cal.2d 815 [178 P.2d 761, 170 A.L.R. 246]; *In re McCoy,* 32 Cal.2d 73 [194 P.2d 531]; *In re James,* 38 Cal.2d 302 [240 P.2d 596]; *People* v. *Avilez,* 86 Cal.App.2d 289 [194 P.2d 829]. See also *Smith* v. *O'Grady,* 312 U.S. 329 [61 S.Ct. 572, 85 L.Ed. 859]; *Tomkins* v. *Missouri,* 323 U.S. 485 [65 S.Ct. 370, 89 L.Ed. 407, 412]; *House* v. *Mayo,* 324 U.S. 42 [65 S.Ct. 517, 89 L.Ed. 739], in which at the time the petitioner was in court for sentence, without previous warning an information was handed to him making an additional charge, he requested time to communicate and consult with his attorney, his request was denied, he pleaded guilty within a few minutes after receiving a copy of the information, (substantially what was done in the present case), a writ of habeas corpus issued; *Von Moltke* v. *Gillies,* 332 U.S. 708 [68 S.Ct. 316, 92 L.Ed. 309, 313]; *Uveges* v. *Pennsylvania,* 335 U.S. 437 [69 S.Ct. 184, 93 L.Ed. 127, 130]; *Chandler* v. *Fretag,* 348 U.S. 3 [75 S.Ct. 1, 99 L.Ed. 2], in which the petitioner was charged with housebreaking and larceny, he was released on bail, on the day set for trial he appeared intending to plead guilty to the indictment, when his case was called he was advised by the judge that he would also be tried as an habitual criminal because of three prior convictions, he asked for a continuance to secure counsel on the habitual criminal accusation, his request was summarily denied, a jury was immediately impaneled, the case tried, he pleaded guilty to the housebreaking charge and was found by the jury to be an habitual criminal, and a writ of habeas corpus issued; anno: 93 L.Ed. 137, 143.) The fact that

defendant pleaded guilty did not constitute a waiver of his right to the assistance of counsel. There was no intentional relinquishment or abandonment of a known right.

As said in *Williams* v. *Kaiser*, 323 U.S. 471 [65 S.Ct. 363, 89 L.Ed. 398], (323 U.S. 475):

"The decision to plead guilty is a decision to allow a judgment of conviction to be entered without a hearing—a decision which is irrevocable and which forecloses any possibility of establishing innocence. If we assume that petitioner committed a crime, we cannot know the degree of prejudice which the denial of counsel caused."

(See also *Johnson* v. *Zerbst*, 304 U.S. 458 [58 S.Ct. 1019, 82 L.Ed. 1461, 1466, 146 A.L.R. 357]; *Glasser* v. *United States*, 315 U.S. 60 [62 S.Ct. 457, 86 L.Ed. 680, 698]; *White* v. *Ragen*, 324 U.S. 760 [65 S.Ct. 978, 89 L.Ed. 1348, 1352]; *Hawk* v. *Olson*, 326 U.S. 271, 66 S.Ct. 116, 90 L.Ed. 61, 65].)

■ Where a defendant is entitled to counsel he should be afforded a fair opportunity to secure counsel of his own choice. (*People* v. *Avilez*, 86 Cal.App.2d 289, 295 [194 P.2d 829].)

■ During the trial of case V-54773, in the morning of January 6, petitioner on more than one occasion expressed apprehension because he was not represented by counsel. The trial judge should have been alert to the need of petitioner for the advice and assistance of counsel and to safeguard his rights before permitting him to change his plea of not guilty to guilty on count III of 0503112, particularly in view of the fact that he obviously had in mind imposition of consecutive sentences. The record clearly shows petitioner's incapacity adequately to defend himself. The fact that petitioner declared to the deputy city public defender that he wanted to change his plea and that the deputy so informed the court does not alter the fact. (*People* v. *Avilez*, 86 Cal.App.2d 289, 296 [194 P.2d 829].) The deputy city public defender did not represent petitioner. Petitioner needed counsel and counsel needed time.

We think it patent that there was a violation of petitioner's right to the assistance of counsel with respect to count III in case 0503112 and that the violation constituted a denial of due process. It follows that his conviction on that count cannot be permitted to stand and that he should be remanded to custody for further proceedings in the municipal court with respect to that count in conformity with his right to counsel.

The judgment of conviction on count III of case 0503112 being invalid, petitioner is remanded to the custody of the chief of police of the city of Los Angeles pending further proceedings in the municipal court.

Shinn, P. J., and Wood (Parker), J., concurred.