151 Cal.App.2d 112 (1957)
THE PEOPLE, Respondent,
v.
LOUIS VILLAREAL GONZALES, Appellant.
Crim. No. 3265. 
California Court of Appeals. First Dist., Div. One. 
May 17, 1957.
 Sanford N. Diller, under appointment by the District Court of Appeal, for Appellant.
 Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and John S. McInerny, Deputy Attorney General, for Respondent.
 BRAY, J.
 Defendant appeals from a judgment of conviction, after jury trial and after denial of probation, of violation of section 11500, Health and Safety Code (sale of narcotics), and from order denying new trial. [fn. *]
 Questions Presented
 1. Was defendant denied his constitutional right to counsel?
 2. Alleged misconduct of district attorney.
 Record
 As defendant does not question the sufficiency of the evidence to sustain the conviction (he hardly could, as the evidence shows that defendant sold four bindles of heroin to a police officer, although defendant contended it was a case of mistaken identity and attempted to prove an alibi), it is unnecessary to detail the evidence.
 March 9, 1956, on arraignment defendant was informed of his right to counsel and stated he would have his own counsel. The time to plead was continued to March 16th. At that time he was represented by Attorney Feeley and pleaded not guilty, denying four priors charged against him (unlawful sale and use of narcotics). Trial was set for May 8th. When defendant appeared with his counsel, Attorney Machado, Machado *114 made a motion to withdraw as counsel. "Counsel and defendant are now heard." The court granted the motion. The court ordered defendant to be ready for trial at 1:30 p.m. "if represented by counsel or not. Thereupon the defendant with Edward J. Nelson, Esq. acting on behalf of Manny Gomez, Esq. as counsel for the defendant" moved for a continuance of the trial date one week. The motion was granted. May 15th, in chambers, Attorney Gomez stated that he had been retained by defendant solely for the purpose of seeking the continuance on May 8th and not for the trial of the case, and that defendant had informed him defendant was going to act as his own counsel and desired to admit the priors. Attorney Gomez moved to be discharged as attorney for defendant. The motion was granted. The court then asked if defendant was willing to represent himself. He stated that he was. When asked if he wanted to go ahead with the trial he stated: "Well, I didn't want to. I wanted Mr. Gomez to represent me, but I'm short of funds at the present moment, so they didn't give me no continuance, I haven't asked for any, I asked for one last week and I didn't get one, but if I could get a two-week continuance I could probably raise the money." In a colloquy with the court defendant stated that he could probably raise the money for counsel fees "if they give me a little time." The court reminded him that he had been given a continuance of a week to get a lawyer. Defendant stated that he had paid $500 for a bail bond so he did not have any money for counsel fees. The court then reminded him that he had had a lawyer, Attorney Machado, but as the court understood it defendant would not let Machado conduct the case, and only wanted Machado to sit with him in court. Defendant said that the understanding was that as he did not have any money Machado was to sit with him, but if he could raise enough money Machado would "represent me all the way through." Defendant did not get the money so Machado withdrew. The court stated it did not know how long it would take defendant to raise the money to pay a lawyer, "and you had one week's time, and if you didn't have the money to pay a lawyer, the Court could have appointed a lawyer for you. It looks to me like you want to represent yourself and you just don't want a lawyer, so we have the jury here today, we have all the witnesses, and everything is ready to go. You're just going to have to represent yourself." After some talk about defendant having received the continuance he had asked for previously the court asked the defendant how much time he wanted. *115 Defendant replied that he could not raise $4,000 or $5,000 in a week's time. The court then pointed out that defendant had had from the 4th of March when he was arrested to May 15th, over two months, in which to get a lawyer. Of that time defendant was only in jail 18 days. The court asked if the judge on arraignment had not told defendant the judge would appoint a lawyer for him but that defendant wanted to get his own lawyer. Defendant admitted this. The court then denied defendant's request for a continuance and asked if defendant wanted to change his plea as to the priors. Defendant then admitted the priors. The court then stated that the trial would proceed and asked defendant if he was ready. Defendant stated that he was. After the prosecution rested defendant called two alibi witnesses and examined them. The court advised defendant that he did not have to testify but that if he did he could be cross-examined by the district attorney, and asked defendant , "You've talked to attorneys, have you not, about this case?" Defendant replied in the affirmative. Defendant did not take the stand, although in his argument to the jury he succeeded, although occasionally stopped by the objections of the district attorney, in getting his defense before the jury equally as well, if not better, than if he had testified.
 At the time of sentence the judge asked defendant if he had not told the court theretofore that he could try his own case. Defendant replied that he did. On being asked if he had any legal cause to show why judgment should not then be pronounced against him, he replied in the negative.
 No Denial of Right to Attorney
 [1] The record clearly shows that defendant was not denied any constitutional right. The court gave defendant a reasonable time to procure an attorney. It appeared to the court that defendant's plans for getting an attorney were so nebulous that he would not have procured one within any reasonable time. As to suggesting that the court now appoint an attorney to represent defendant, there was no necessity for this as defendant had theretofore been informed that the court would do so if desired. Moreover, defendant did nothing to overcome the court's expressed conclusion that the defendant preferred to act as his own attorney. It should be remembered, too, that defendant was no novice in court procedure. He had already been in four separate trials, as evidenced by his four prior convictions. [2] The matter of *116 granting continuances rests primarily in the discretion of the trial court and in the absence of an abuse of that discretion (People v. Jewett, 84 Cal.App.2d 276, 281 [190 P.2d 330]; People v. Dorman, 28 Cal.2d 846 [172 P.2d 686]), there is no denial of the constitutional rights of a defendant in the court's refusal of a continuance.
 [3] "... while the right of an accused to counsel will be protected, it is a right which may be waived." (In re Connor, 16 Cal.2d 701, 706 [108 P.2d 10].) [4] "The right to the assistance of counsel guaranteed by the constitutional and statutory provisions, like any other legal right, may be invoked only in the course of orderly procedure." (P. 709.) Here defendant's actions were equivalent to a waiver of his right to counsel. [5] "It is true that there was no express waiver, but the authorities clearly indicate that an implied waiver is sufficient. [Citations.]" (In re Jingles, 27 Cal.2d 496, 499 [165 P.2d 12].) See People v. O'Neill, 78 Cal.App.2d 888 [179 P.2d 10], where the defendant dismissed the public defender appointed to represent him and the court said (p. 891): "Appellant did not ask for a continuance for the purpose of obtaining counsel and if he had done so the trial court would not have erred in the circumstances existing here in refusing to grant the request. (People v. Russell, 156 Cal. 450, 455 [105 P. 416].)" We find no error in the trial court's actions.
 Conduct of District Attorney
 [6] There was no misconduct in the criticized statements of the prosecuting attorney. Defendant had called Jesse Hernandez as an alibi witness. In commenting on his testimony, the district attorney asked the jury "How much then of the testimony of Jesse Hernandez can we believe? None," and "the testimony of Hernandez, that is absolutely false ..." This was comment upon the credibility of the witness well within the prosecutor's rights. [7] Concerning defendant's argument the district attorney said: "I'm sure that some of you caught it, and I know that I did, during the argument of Mr. Gonzales, and that is what--I will borrow a phrase from the now famous Abbott trial, a Freudian slip, when he mentioned the names of two people who were in the house on the 27th. We didn't know who they were until he told us." This was within the bounds of proper comment on defendant's argument. Moreover, defendant at no time objected to any of these remarks nor asked the court for an admonition concerning them. [8] "The rule is established that unless the *117 harmful results of misconduct of the district attorney cannot be obviated by appropriate instructions of the trial court, error cannot be predicated in this court on such alleged misconduct in the absence of (a) assignment of such misconduct as error; and (b) a request to the trial court to instruct the jury to disregard it." (People v. Hampton, 47 Cal.2d 239, 240-241 [302 P.2d 300].) If misconduct, and we hold that they were not, the remarks of the district attorney could have been obviated by instructions of the court.
 The appeal from an alleged denial of new trial is dismissed. The judgment is affirmed.
 Peters, P. J., and Wood (Fred B.), J., concurred.
NOTES
[fn. *] *. The record fails to show any motion for new trial or order denying new trial. At argument defendant conceded no such motion was made.