[Crim. No. 7702.    Second Dist., Div. Four.    Apr. 17, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. PETE GONZALES GARCIA, Defendant and Appellant.

Chandler & Duncan and Elinor Chandler for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and George W. Kell, Deputy Attorney General, for Plaintiff and Respondent.

BURKE, P. J.—In an information filed in the Superior Court of Los Angeles County defendant was charged with burglary in violation of section 459 of the Penal Code, a felony.

On November 18, 1960, defendant appeared in the criminal master calendar department of the superior court for arraignment. He was not represented by counsel and the arraignment was continued to November 23, 1960. On the latter date he appeared again and was not represented by counsel. The minutes indicate that he appeared in propria persona. He entered a plea of not guilty and the trial was set for January 16, 1961, in department 108. On that date defendant, who was on bail, appeared for trial. Upon being asked by the judge in that department if he was ready for trial, he replied in the negative stating that for financial reasons he could not hire an attorney before but on that very morning he had consulted an attorney and that he thought the attorney would call. up to verify the fact that he did consult him. The judge stated, "You mean you waited until the morning of your trial to make arrangements to have an attorney?" The defendant replied, "I couldn't help it for financial reasons."

Upon inquiry by the court the defendant acknowledged that he had been represented by counsel at the preliminary examination; at the time of his arraignment in superior court the court had asked him if he had money to employ an attorney; defendant had stated he did have money, whereupon the arraignment was put over; when he next appeared the

court had again inquired as to whether defendant had money to employ counsel; defendant again advised the court he would be able to employ an attorney and after arraigning him the court continued the matter for trial to January 16, undoubtedly in order to give him sufficient time to employ counsel.

Defendant made a motion for continuance before the judge in department 108. The court, in the exercise of the discretion vested in it by law, denied this motion, no doubt because the court believed defendant was employing delaying tactics.

The court then exonerated defendant's bail and remanded him to custody pursuant to Penal Code section 1129. This section permits the court, in its discretion, at any time after a defendant's appearance for trial, to order him to be committed to the custody of the sheriff to abide the judgment or further order of the court. The propriety of that action need not be determined here; however, it should be noted that it did have a bearing upon the principal issue which the case presents to this court since it rendered even more difficult the ability of defendant to secure counsel.

The court noted for the record that an attorney had called the department that morning who stated that defendant had contacted him but that he did not know whether he could take the case or not. After committing defendant to the custody of the sheriff the court transferred the case out for immediate trial to department 33 without any further inquiry of defendant as to whether he desired to represent himself or to have the court appoint someone to represent him.

In department 33, the trial judge, Judge Arthur Crum, inquired as to whether defendant was represented and was advised by the district attorney that no one represented him and that previously that morning the judge who had transferred the case to department 33 had gone into the matter very thoroughly with defendant for approximately 45 minutes and had become convinced that defendant was engaging in "stalling tactics in this case, and therefore the judge ordered that he go to trial today." Judge Crum then asked defendant if he was ready for trial. Defendant replied that he was not. The court stated that defendant had made a motion for a continuance in department 108 which had been denied and thereupon ordered the case to proceed.

After the opening statement of the district attorney the judge inquired of defendant as to whether he desired to

make an opening statement, at which time the following took place:

"DEFENDANT GARCIA: I am not a professional. As far as I am concerned, I asked for something this morning and you wouldn't grant me that, you and the other judge wouldn't grant me that.

"See, I have no money. See, I am not a rich man, you understand, and I have to work for my money, and just this morning I gathered enough to go hire some professional lawyer but he wasn't in when I called at his office and I had to present myself in court.

"I was out on bail, as you know, and my bail was revoked and I was taken into custody right at the courtroom. I had never been out on bail before. . . . Didn't you ask me if I had something to say? I am saying it. That is my trial."

After again being assured by the deputy district attorney that these matters had been gone into by the judge in department 108 the trial judge ordered the case to proceed.

It is unfortunate that Judge Crum did not have before him the record of the proceedings in department 108 as he no doubt assumed the judge in that department had advised defendant he should be represented by counsel and, having failed to obtain counsel, had offered to appoint the public defender or other counsel to represent him.

The basic right to "appear and defend in person and with counsel" is provided in the Constitution (Cal. Const., art. I, § 13) and in the Penal Code (Pen. Code, § 686).

This right guaranteed by our state Constitution is the same right that is guaranteed to defendants in federal courts under the Sixth Amendment to the Constitution of the United States. (*People* v. *Lanigan,* 22 Cal.2d 569, 575 [140 P.2d 24, 148 A.L.R. 176].)

As in the federal courts, this right to counsel is a fundamental right which, as was said in *People* v. *Simpson,* 31 Cal.App.2d 267, 270 [88 P.2d 175], ". . . has been recognized and upheld throughout our national history." In *People* v. *Avilez,* 86 Cal.App.2d 289, 294-295 [194 P.2d 829], the court stated:

"Our state courts will therefore maintain this right absolutely and to the full extent, even when they are not forced to do so by federal review.

"The protection so guaranteed is not provided by a mere 'token' or 'pro forma' appearance of an attorney [citation] but a defendant is entitled 'to the effective and substantial

aid of counsel at all stages of the proceeding.' [Citation.] . . . 'That right, based as it is on a fundamental principle of justice, must be protected by the trial judge' [citation] 'and with a caution increasing in degree as the offenses dealt with increase in gravity.' (*Glasser* v. *United States,* 315 U.S. 60, 71 [62 S.Ct. 457, 86 L.Ed. 680].) ''

In the early case of *People* v. *Russell,* 156 Cal. 450 [105 P. 416], the appellant sought a new trial upon the ground that he was deprived of representation by his attorney. The Supreme Court in rejecting this contention pointed out that the trial court is not required to wait indefinitely for the return of defendant's counsel who was otherwise engaged before proceeding with the trial of a criminal case. It declared it was not an abuse of discretion for the court to proceed with the trial as defendant made no request for postponement in order to procure other counsel and declined to avail himself of the offer of the court to appoint counsel for him and further gave no intimation that he was not ready to proceed with the trial in any other material respect. It is to be noted that in the case before us defendant made a request for postponement, no offer was made by the court to appoint counsel for him and defendant expressly stated he was not ready to proceed with the trial.

It is pointed out by the People that the right to assistance of counsel may be waived and in the case cited by the People, *In re Major,* 135 Cal.App.2d 405, 411-412 [287 P.2d 359], the court held that where a defendant has been on bail for a considerable period of time and the record fails to disclose he did anything to obtain counsel during that time ''It must be held . . . that [he] elected to waive the assistance of counsel.''

In *People* v. *Gonzales,* 151 Cal.App.2d 112, 114-116 [311 P.2d 53], the court had before it a situation comparable in some respects to the case at hand. An attorney represented the defendant for the purpose of moving for a continuance and thereafter on the date to which the trial was continued asked to be discharged as attorney for defendant, which motion was granted. The court then asked defendant if he was willing to represent himself. He stated that he was. Defendant asserted that he had wanted his attorney to represent him and that if he could get a two weeks' continuance he could probably raise the money. The court reminded him he had already been given a continuance of one week and that he had advised defendant that the court could have appointed a lawyer for him. The judge stated, ''It looks to me like you

want to represent yourself and you just don't want a lawyer, so we have the jury here today, we have all the witnesses, and everything is ready to go. You're just going to have to represent yourself." Some further colloquy followed. The court then denied defendant's request for a continuance and stated that the trial would proceed. He asked the defendant if he was ready, and the defendant said he was. In its review of the record the appellate court pointed out that the trial court had given defendant a reasonable time to procure an attorney and then stated (p. 115), "As to suggesting that the court now appoint an attorney to represent defendant, there was no necessity for this as defendant had theretofore been informed that the court would do so if desired. Moreover, defendant did nothing to overcome the court's expressed conclusion that the defendant preferred to act as his own attorney. It should be remembered, too, that defendant was no novice in court procedure. He had already been in four separate trials, as evidenced by his four prior convictions." The court declared that the defendant's actions were equivalent to a waiver of his right to counsel even though there was no express waiver.

While no doubt the court in the case at bar was entirely justified in the exercise of its discretion in denying a continuance (*People* v. *Jewett,* 84 Cal.App.2d 276, 281 [190 P.2d 330]) we do not feel that it should have proceeded with the trial without further inquiry concerning the appointment of counsel. ■ Defendant made it quite plain to both judges that he was unwilling to proceed without counsel and did not feel competent to defend himself. Under these circumstances the court should have appointed counsel for him. A review of the transcript of the trial is quite convincing that defendant was wholly without ability to defend himself. There is no evidence of any intention on his part to relinquish or abandon his right to be represented by counsel, and unlike the circumstances before the court in *In re Connor,* 16 Cal.2d 701 [108 P.2d 10], *People* v. *Gonzales, supra,* 151 Cal.App.2d 112, or *In re Major, supra,* 135 Cal.App.2d 405, the conduct of defendant in the case at hand negates any inference of a waiver of his right to representation.

Judgment is reversed.

Jefferson, J., and Balthis, J., concurred.