[Crim. No. 729.    Department Two. — May 29, 1901.]

THE PEOPLE, Respondent, v. P. J. WYNN, Appellant.

CRIMINAL LAW — OBTAINING MONEY UNDER FALSE PRETENSES — IMMATE-
RIAL DEFECTS IN INDICTMENT. — Where an indictment for obtaining
money under false pretenses charges an offense in language suffi-
ciently clear to put the defendant upon his trial, minor imperfections
and defects therein, which do not affect any substantial right of
the defendant, are not ground for a demurrer to the indictment,
nor for a motion in arrest of judgment.

ID. — EVIDENCE — HARMLESS RULINGS. — Rulings upon the admission of
evidence, which were harmless to the defendant, or upon objections
to questions which were cured by the answer thereto, are not ground
for reversal of the judgment of conviction.

ID. — INSTRUCTION — REASONABLE DOUBT. — An instruction, that "in case
of a reasonable doubt whether the defendant's guilt is satisfactorily
shown, he is entitled to an acquittal," is not objectionable.

ID. — NEW TRIAL — IRREGULARITY — CONFLICTING AFFIDAVITS — APPEAL.
— Where the affidavits of the defendant for a new trial, on the
ground of irregularity in the action of the court, were disputed by
counter-affidavits, the determination made thereof by the trial
court will not be disturbed upon appeal, if no valid ground of com-
plaint is disclosed by the record.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco and from an order denying a new
trial.    William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

John J. Barrett, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Dep-
uty Attorney-General, for Respondent.

HENSHAW, J.—Defendant was indicted, tried, and convicted of the crime of obtaining money by false pretenses. He appeals from the judgment and from the order denying his motion for a new trial. In a long and studious brief his counsel assails the sufficiency of the indictment under which conviction was had, urging that the demurrer to the indictment should have been sustained and his motion in arrest of judgment granted. But, after careful consideration of the points that he makes, we are satisfied that the ruling of the trial court was correct. The indictment charges an offense in language sufficient and sufficiently clear to put the defendant upon trial before a jury. While there are, as pointed out by the learned judge of the trial court, some minor imperfections and defects in the pleadings, none of them does, nor do they altogether, affect any substantial right of the defendant, and for these reasons the trial court properly refused to arrest the judgment. (Pen. Code, secs. 960, 1258.)

Many objections are also presented to the court's rulings in the admission and rejection of evidence. These, too, have been examined. The rulings were without error, or if it can be said that in any case error was committed, it was harmless to the defendant. To illustrate: Exception is taken to the court's overruling defendant's objection to a question asked by the district attorney of the complaining witness, upon the ground that it called for a conversation, without specifying the time and place and circumstances thereof, but the answer which the witness gave to the question began as follows: " He came in there in the evening, afterwards, into this place where I was doing business. I mean 643 Mission Street. And he went into a little room that was there, where was my wife and myself." Thus the answer itself relieved from the force of appellant's objection. Again, error is asserted in the ruling of the court in sustaining the people's objection to questions propounded by defendant to the complaining witness, concerning statements contained in two complaints sworn to by him in the police court, touching the ownership of the money of which the complaining witness was defrauded, but, notwithstanding the ruling, the court allowed the defendant's counsel the fullest latitude in this inquiry. These are given as examples. It would serve no useful purpose to discuss, one by one, the many like objections pressed upon our attention. The only in-

struction given by the court to which exception is taken is found in its declaration to the jury, as follows: "In case of a reasonable doubt whether the defendant's guilt is satisfactorily shown, he is entitled to an acquittal." We fail to see any just ground for complaint in this instruction.

Whether or not, during the trial of this cause, the court took up other legal matters, to the injury of defendant, as asserted in the affidavit of counsel for defendant upon his motion for a new trial, was a question disputed by counter-affidavits, and to the determination which was made of it by the trial court we see no valid ground of complaint.

The judgment and order appealed from are therefore affirmed.

McFarland, J., and Temple, J., concurred.

Hearing in Bank denied.