[Crim. No. 964. Department One.—October 17, 1903.]

THE PEOPLE, Respondent, v. P. Y. WYNN, Appellant.

CRIMINAL LAW—OBTAINING MONEY UNDER FALSE PRETENSES—PUNISHMENT AS FOR GRAND LARCENY.—The crime of obtaining money under false pretenses is punishable in the same manner and to the same extent as for larceny of the money so obtained; and when the theft of the money would constitute the crime of grand larceny, the crime of obtaining it under false pretenses is punishable by imprisonment in the state prison as in case of grand larceny.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing to modify the judg-

ment of sentence for the crime charged. William P. Lawlor, Judge.

The facts are stated in the opinion.

George D. Collins, for Appellant.

U. S. Webb, Attorney-General, C. N. Post, Assistant Attorney-General, Lewis F. Byington, District Attorney, and L. B. Wilson, for Respondent.

GRAY, C.—The defendant was convicted of the crime of obtaining by false pretenses the sum of $145 in money from one John King, in the city and county of San Francisco, and was sentenced to a term of three years in the state prison. He appeals from an order denying his motion to modify this judgment by striking therefrom the requirement that defendant be imprisoned in the state prison, and substituting in lieu thereof a fine not exceeding five hundred dollars, or imprisonment in the county jail not exceeding six months, or both.

An appeal was heretofore taken from the judgment and from an order denying a new trial in the case, and was heard, and the judgment and order affirmed by this court. (*People v. Wynn,* 133 Cal. 72.) The defendant was indicted and prosecuted for the crime defined in section 532 of the Penal Code, which makes the crime of obtaining money or property by false pretenses "punishable in the same manner and to the same extent as for larceny of the money or property so obtained."

It is clear that by this provision the legislature intended that the punishment for obtaining property by false pretenses should be exactly the same as if the party had feloniously stolen the property so obtained. To ascertain the punishment to be inflicted in such a case, we have then only to turn to those provisions of the Penal Code prescribing the punishment for larceny. Had the defendant been convicted of the larceny of $145, it is quite plain from the provisions of sections 487 and 489 that the court might have sentenced him to a term of three years in the state prison; and it necessarily follows from the provisions of said section 532 of the same

code that a like sentence can be given for the crime of which the defendant was here convicted.

There was no merit in the motion, and the appeal is also devoid of merit.

We advise that the order appealed from be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Angellotti, J., Van Dyke, J., Shaw, J.

Hearing in Bank denied.