[Crim. No. 9151.   Second Dist., Div. Two.   Mar. 24, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. GEORGE LEE MORRIS, Defendant and Appellant.

14

George Lee Morris, in pro. per., and Irving S. Feffer, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Michael R. Marron, Deputy Attorneys General, for Plaintiff and Respondent.

ROTH, J.— In December 1962, appellant was charged with violating Penal Code, sections 470 (forgery), 475 (fraudulent possession of blank check) and 475a (fraudulent possession of completed check). In addition, two prior felony convictions were alleged. Prior to appellant's plea of "not guilty" and his denial of the priors, private counsel was substituted for the deputy public defender and the section 470 charge was set aside.

The case was called for trial on February 8, 1963, at which time the private counsel, on his own motion, was relieved. Appellant declined the services of the public defender, preferring to proceed in propria persona. A continuance was then granted until March 21. At that time appellant's motion for a continuance in order to substitute private counsel was denied. It appears that appellant had approached private counsel about one week prior to the trial date and had been told that private counsel would only take the case if a one week continuance was secured in advance. On March 22,

appellant moved for another continuance on the grounds of illness. This was denied after a court-appointed doctor declared appellant fit for trial.

It appeared from the statements of the district attorney that the appellant had been through the courts on two previous occasions and told the court that he did not want counsel; that he was going to represent himself.

During the trial, Norman Mariani, a witness for the People, testified that appellant entered the market where he worked and attempted to cash a check similar to those shown to him at the trial and identified as having been stolen from one Phillip E. Scherer. However, the check was not presented into evidence. There was other evidence to the effect that appellant had been traced by the police as the person who was in possession of the forged checks and that when appellant was arrested, he was in possession of both the forged checks and the identification used in passing the checks.

The jury found appellant guilty as charged.

Appellant first contends that the trial court erred in not allowing the trial to be continued so that counsel could be obtained. However, the above stated course of events clearly shows that appellant was not denied his constitutionally protected right to counsel. (*People* v. *Gonzales,* 151 Cal.App.2d 112 [311 P.2d 53]; *People* v. *Gaynor,* 223 Cal.App.2d 575 [36 Cal.Rptr. 219].) The continuance of a criminal trial is within the sound discretion of the trial court and will only be upset upon a showing of abuse. (*People* v. *Moore,* 143 Cal.App.2d 333 [299 P.2d 691].) No abuse is shown where the trial court gave the defendant reasonable opportunity to obtain counsel both before and after he elected to proceed in propria persona. (*People* v. *Gonzales, supra.*)

It appears that in electing to proceed in propria persona, appellant was resting on his experience in his previous two trials and was confident of his own ability. The court is not faced with the situation of an incompetent or unintelligent waiver by appellant of his right to counsel. (*Gideon* v. *Wainwright,* 372 U.S. 335 [83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733].)

Appellant urges that the court erred as a matter of law in allowing the testimony of two witnesses, Kiser and Harris, whose names were not on the pretrial list of witnesses. Appellant objected to the testimony of said named witnesses on the grounds that both names were not on the list.

A defendant's right to pretrial discovery in a criminal case is well established in California. (*Vance* v. *Superior*

*Court,* 51 Cal.2d 92 [330 P.2d 773]; *Powell* v. *Superior Court,* 48 Cal.2d 704 [312 P.2d 698]; *Funk* v. *Superior Court,* 52 Cal.2d 423 [340 P.2d 593].) This right is in accord with the philosophy expressed in *People* v. *Riser,* 47 Cal.2d 566 [305 P.2d 1], that the defendant's right to discovery is a corollary to his right to a fair trial and extends to the names of the prosecution witnesses and reports of expert witnesses for the People. (*People* v. *Cooper,* 53 Cal.2d 755 [3 Cal.Rptr. 148, 349 P.2d 964].)

The omission of the district attorney to furnish the two names mentioned is conceded. The question on this appeal is whether such omission was prejudicial error. (Cal. Const. art. VI, § 4½; *People* v. *Eppers,* 205 Cal.App.2d 727 [23 Cal.Rptr. 222].)

The record shows that the testimony of Roy F. Kiser was substantially the same as he had given at the preliminary hearing. Thus, appellant cannot claim surprise at his appearance or lack of notice to prepare against the eventuality of his testifying at the trial.

The record also shows that Harris testified that he had been tricked out of his driver's license prior to the time the license was used to pass the forged checks, but he could not identify appellant as the person who had so tricked him.

The allowance of the testimony of these two witnesses over the objections of appellant was not prejudicial error. (*People* v. *Wynn,* 133 Cal. 72 [65 P. 126]; *People* v. *Weatherford,* 27 Cal.2d 401 [164 P.2d 753]; *People* v. *Cooper,* 53 Cal.2d 755, *supra.*)

Appellant also contends that the best evidence rule was violated when the court allowed the oral testimony of Norman Mariani in respect of a check instead of requiring the production of the check itself.

The best evidence rule requires the introduction of a writing whenever the contents of the writing are in issue. When, as here, the question is whether the instrument itself was issued, or executed, the rule does not apply. (*People* v. *Skeen,* 93 Cal.App.2d 489 [209 P.2d 132].) Nor is oral evidence describing a writing, when offered for purposes of identification, incompetent. (*People* v. *Royce,* 106 Cal. 173 [37 P. 630, 39 P. 524].)

The testimony of Mariani was not introduced to prove the contents of the check but to identify the check as similar to those presented at the trial. Where the purpose of admission was to prove a fact which the witness knew from his

own perceptions or knowledge, oral evidence is proper. (*People* v. *Hay*, 74 Cal.App. 464 [241 P. 275].)

It should also be noted that in a criminal case where the written evidence is presumably in the hands of the defendant the prosecution may give secondary evidence of the contents. (*People* v. *Chapman*, 55 Cal.App. 192 [203 P. 126].) The record shows that the check appellant complains of was returned to him uncashed by Mariani.

Appellant also argues that the court erred in not allowing a continuance when the appellant complained of illness during the trial.

The record shows that at the time appellant complained of illness, the court ordered a doctor's examination before ruling on the motion. The doctor reported that appellant was able to continue without danger to his health. There was no abuse of discretion. (*People* v. *Buckowski*, 37 Cal.2d 629 [233 P.2d 912].)

Appellant contends that there was wilful misconduct on the part of the prosecutor in referring to appellant as the person at the scene of the attempted passing of the forged check. The record shows this contention to be without merit.

Mariani testified that the defendant looked like the person who tried to pass the check but "... couldn't say positive that it was him." On redirect, Mariani testified that he picked appellant out of a police lineup as the man who attempted the pass. Then on cross-examination, in answer to appellant's question that Mariani positively identified appellant as the man, the witness answered: "Yes." It is clear from this testimony that no prejudicial error was committed by the prosecutor in referring to appellant as the man at the market. (*People* v. *Rosenthal*, 139 Cal.App. 42 [33 P.2d 864].)

Finally, appellant contends that the trial court erred in admitting evidence of the two prior convictions over appellant's attempted admission of the priors during the trial.

The record shows that the appellant denied the priors at his arraignment. Thereafter and prior to the admission of evidence on the priors, appellant's motion to admit the priors was denied.

Penal Code, section 1025, provides in part that: "In case the defendant pleads not guilty, and answers that he has suffered the previous conviction, the charge ... must not be read to the jury, nor alluded to on the trial." The purpose

of this statute is to allow defendants to plead guilty to a prior, thus keeping the inflammatory nature of a prior offense from the jury. ▮▮▮▮ Appellant argues that this statute should apply to admissions during the trial as well as before and that appellant had a right to admit the priors during the trial.

No case has been cited to us which holds that section 1025 of the Penal Code means that the defendant may deny a prior when arraigned and thereafter at any time during the trial admit the prior and thus prevent the court from taking evidence in proof of the prior. Much of the damage done by the early denial of the prior, to wit: making such prior known to the jury when the information is read, cannot be recalled.

A defendant by such tactics, does prevent the reiteration and emphasis of the fact that there were priors which inevitably results from the introduction of proof thereof. It may be that a more humane practice would be to permit an admission at any time before actual proof is taken. In our opinion, this is a matter which is properly for the discretion of the trial court. (*People* v. *Mock Don Yuen*, 67 Cal.App. 597 [227 P. 948]; *People* v. *Bond*, 179 Cal.App.2d 820 [4 Cal.Rptr. 446].)

▮▮▮ In our opinion, no abuse of discretion is shown where, as in this case, the appellant's request to admit the priors followed after the charges were already read to the jury by reason of the fact that appellant had originally denied them.

The judgment is affirmed.

Fox, P. J., and Herndon, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 20, 1964.