[Crim. No. 25207. Second Dist., Div. Five. Jan. 31, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
STEVE GLEN JACKSON, Defendant and Appellant.

## COUNSEL

Clifford Douglas, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Lawrence P. Scherb II and Roy C. Preminger, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HASTINGS, J.**—A jury found defendant guilty of four counts of first degree robbery (Pen. Code, § 211) as charged in counts I through IV of the information, and one count of attempted robbery (Pen. Code, §§ 664, 211) as charged in count V. The jury further found that defendant had used a firearm in the commission of each count. (Pen. Code, § 12022.5). Probation was denied. Defendant was sentenced to state prison on each count, the sentences on counts I through IV to run concurrently with each other. The sentence on count V was ordered to run consecutively to those on the other four counts. Defendant was credited with having already served 146 days. He appeals from the judgment.

The incident which gave rise to counts I, II, and III took place at the Hula Hut Bar on September 3, 1973. Harold Chandler, the victim of count II, and Paul Malo, the victim of count III, both identified defendant as one of several young men who held them up at gunpoint. Karen B., the victim of count I, was unable to identify anyone involved in the robbery.[1] Malo testified that defendant had a handgun. Chandler was pretty certain that defendant had a handgun. He thought all of the robbers were armed with revolvers.

[1] Ms. B. was taken from the bar and sexually assaulted by the robbers. She described herself as having been in a state of shock as a result of these events.

The incident which gave rise to counts IV and V took place at Junie's Beer Bar on October 30, 1973. Both victims identified defendant as one of three robbers who took part in that incident. Elbert Martin, the victim of count V, testified that defendant was armed.

Defendant presented an alibi defense for both incidents.

On this appeal defendant contends that the court erred in not instructing the jury that evidence as to the incident charged as counts I through III could not be considered as evidence of general criminality tending to prove defendant guilty of the incident charged as counts IV and V and vice versa. He argues that pursuant to *People* v. *Williams,* 11 Cal.App.3d 970, 978 [90 Cal.Rptr. 292], the court would have been obliged to instruct *sua sponte,* on the limited purpose for which evidence of an uncharged other offense was received (CALJIC No. 2.50) and urges that no different rule should obtain where the other offense is charged. He admits that there is no case law in support of the proposition he advances. Furthermore, there is a considerable body of law which holds, contrary to *People* v. *Williams, supra,* that the limiting instruction is waived if not specifically requested even when the evidence involved relates to an uncharged offense. (*People* v. *Holbrook,* 45 Cal.2d 228, 233 [288 P.2d 1]; *People* v. *Weitz,* 42 Cal.2d 338, 347 [267 P.2d 295]; *People* v. *Snyder,* 276 Cal.App.2d 520, 526 [80 Cal.Rptr. 822].)

■ Even if we were to conclude that *Williams* represents the better approach where an uncharged offense is involved, the same justification for giving the limiting instruction does not exist where defendant is being tried on both of the charges. In the present case, the evidence as to the September 3, 1973, incident was being received to prove defendant's guilt of that offense and not for the limited purpose of establishing identity or modus operandi as to the October 30, 1973, incident. The same was true of the evidence pertaining to the October 30th incident. While CALJIC No. 2.50 would be susceptible to the modification defendant suggests, there was no error in the court's failure to give the instruction on its own motion.

At defendant's request, counsel asserts that the evidence was insufficient to sustain the conviction. The contention is frivolous. ■ The eyewitness identifications of defendant were more than ample to support the verdict. The fact that two of the witnesses differed in their belief as to where defendant stood during the October 30 robbery does not render inherently improbable their testimony that he was there.

Finally, defendant contends that the court abused its discretion in sentencing him consecutively on count V, thereby making his minimum term of imprisonment fifteen years and six months and rendering him ineligible for parole until he has served five years and two months. He cites in support of his contention the facts that he was only 17 years old at the time of sentencing and that the probation officer recommended commitment to the Youth Authority.

The probation report[2] indicates convictions for assault and burglary at age 15, and for assault with a deadly weapon at age 17. Commitment to a detention camp in 1972 proved unsuccessful. He was transferred after only five weeks, an unprecedented move, because of his exceptionally disruptive and hostile behavior toward staff and other wards. He was transferred to a youth guidance program where he again was unable to adjust successfully. A third placement also resulted in his removal due to disruptive behavior. Defendant made no progress during a fourth placement either. The facilities in which defendant was incarcerated were especially designed for a final effort at rehabilitating extremely recalcitrant and uncontrollable juvenile court wards. The report of the Youth Authority stated defendant was "not amenable nor suitable for the most drastic, innovative nor secure institutional programs available to the court and the probation department." The juvenile court declared him unfit for its consideration on the instant charges.

During the robbery charged as counts I, II, and III, defendant repeatedly urged his companions to "shoot the mother-fuckers." Kidnaping and rape charges against defendant arising out of the robbers' conduct toward Karen B., the named victim in count I, were not pursued because of her reluctance to testify and the fact that she was under psychiatric care. Two of defendant's accomplices implicated him in the rape, however, in conversations with police.

The victim of count IV, informed her best friend that she, too, was raped following the robbery in which she was involved, but she did not report this to police because she did not want her daughters to find out about it.

Defendant was known to police as an upper echelon member of the

---

[2]Pursuant to rule 12(a) of the California Rules of Court we caused the superior court file containing the probation report to be lodged with this court as part of the record on appeal.

Grandee Crips street gang. Sergeant McComas of the Los Angeles Sheriff's Department described him as "an animal, he is vicious and violent and should be locked up." McComas expressed the further opinion that defendant would never be rehabilitated and upon release from custody would resume his old ways.

Defendant, in a written statement to the court, denied his participation in the crimes charged herein and denied membership in any gang. He did not subpoena the probation officer nor any of the witnesses mentioned in the probation report, however, for purposes of cross-examination. The picture of defendant which emerged from the record before the court was that of a particularly hostile and aggressive individual who presented a real and continuing danger to the community.

In striking a mandatory 10-year minimum penalty for a second conviction for selling heroin, the Supreme Court in *In re Foss,* 10 Cal.3d 910 [112 Cal.Rptr. 649, 519 P.2d 1073], stressed the nonviolent nature of the crime and pointed out that when committed by an addict to support his habit, the criminal was also a victim, a victim of his addiction. The court drew a sharp contrast between such individuals and those who, like defendant herein, commit gratuitous and indiscriminate acts of violence against other members of society. ■ Given the circumstances of the instant offenses and of defendant's background as described in the probation report, the court did not abuse its discretion by sentencing defendant consecutively on count V.

The judgment recites: "Use of firearm, having been found true by the Jury, is now imposed. (All counts.)" At the time of sentencing, however, the court stated: "Use of the firearm having been found true by the jury *in Count V,* the additional sanctions will be imposed." (Italics added.) We do not know if the court spoke inadvertently or not.[3] The necessary effect of the language employed was to strike the use allegation as to counts I through IV. We cannot remand the matter to the trial court to ascertain if the minute order reflects that court's true intention. If indeed the court misspoke in pronouncing sentence, the error was judicial in nature and cannot now be corrected by the trial court. (*In re Candelario,* 3 Cal.3d 702 [91 Cal.Rptr. 497, 477 P.2d 729].) The judgment is therefore modified by striking therefrom the period after the word "imposed" and

---

[3]The sentencing judge was not the trial judge and may not have been totally familiar with the record. If that is so, the prosecutor should have enlightened him.

the words "(All counts)" and adding in their stead the words "as to Count V."

As so modified, the judgment is affirmed.

Stephens, Acting P. J., and Ashby, J., concurred.

A petition for a rehearing was denied February 27, 1975, and the opinion was modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied March 26, 1975.