Opinion
 

 BROWN (G. A.), P. J.
 

 Appellants, James Earl Harris and Barbara Jean LeMaster, were jointly tried and convicted of nine counts of possession of articles with defaced or obliterated serial numbers or identification plates in violation of Penal Code section 537e. The juiy was unable to arrive at a verdict on a charge of receiving stolen property (Pen. Code, § 496).
 

 The nine counts of violating Penal Code section 537e upon which appellants were convicted were for possessing the following items: Coronado television (count two), Zenith portable color television (count three), Electrophonic modular stereo set (count four), two wood speakers (count five), two wood speakers (count six), Wheel tape deck (count seven), portable black and white television (count eight), JVC black and white television (count nine), digital clock radio (count ten).
 

 All of these articles were seized from a residence pursuant to a search warrant on the day of and shortly after appellants’ arrest. The jury impliedly found the residence was jointly possessed by appellants.
 

 The trial judge suspended the imposition of sentence and placed appellant Harris on probation for three years and as a condition thereof ordered that he serve consecutive one hundred seventy-nine-day terms in the county jail on each of counts two, three and four for a total of five hundred thirty-seven days in custody, with credit on count two for two days time already served; appellant Harris received six months in custody on the other counts suspended. Imposition of sentence was also suspended as to appellant LeMaster and she was placed on three years probation with terms thereof to include one hundred seventy-nine days in the Fresno County jail on count two and a suspended six months in custody on each of counts three through ten.
 

 Appellants, who are separately represented on appeal, either jointly or severally urge a number of grounds for reversal, all of which we reject
 
 *963
 
 except the claim that under the facts appellants could be convicted of only one count of violating Penal Code section 537e. Accordingly, we will reverse the judgments (orders granting probation) for the sole purposes of reciting that notwithstanding the juiy verdicts the appellants stand convicted of only one count of violation of Penal Code section 537e and of resentencing.
 

 The issues will be discussed seriatim.
 

 Admission of Evidence of Prior Uncharged Offenses
 

 On the morning of the arrest of appellants and search of the house they were occupying, the Fresno Police Department arranged for two addict informants, Bruce and Debra Harvey, to go to an address on North Villa Street, Fresno, with a television set, a stereo and two speakers for the purpose of disposing of these articles to appellants. The stereo bore a serial number.
 

 The articles were placed in the bed of a pickup truck and taken by the Harveys to the North Villa Street address, their activities being under the continuous surveillance of police officers. The Harveys went into the house, walked back outside, backed the pickup into the driveway and unloaded the items from the bed of the pickup on the south side of the residence. They were assisted in the unloading process by appellant LeMaster. They drove away and at about noon returned, went inside the residence for a few minutes, came out, and again drove away. Appellant LeMaster was arrested a short time later when she came out of the house. Appellant Harris ran from the house and was also arrested.
 

 The residence was searched between 1 and 2 p.m. pursuant to a search warrant.
 

 Neither of the Harveys testified at trial, having been committed to the California Rehabilitation Center. Appellants did not testify and presented no evidence in their defense. None of the items involved in the sale by the Harveys to appellants formed the basis for any of the charges against appellants. However, the serial number on the stereo which was delivered to appellants by the Harveys was missing when the stereo was picked up during the search.
 

 
 *964
 
 Appellants argue that the evidence of the transaction between appellants and the Harveys should have been excluded because it was irrelevant and because the prejudicial effect of the evidence outweighed its probative value. (See Evid. Code, § 352.)
 

 The charge of receiving stolen property (Pen. Code, § 496)
 
 [1]
 
 requires proof that the accused had knowledge of the stolen character of the property. The charge of possession of property with altered or defaced serial numbers requires proof of knowledge that the serial numbers have been altered or removed.
 

 The testimony of the police officers to the effect that the stereo unit sold by the Harveys to appellants carried a serial number prior to the sale and was recovered from appellants’ possession a short time later without serial numbers sufficiently establishes the relevancy of this evidence of prior conduct to the Penal Code section 537e charges against appellants because it permits the jury to infer that appellants removed the serial numbers and therefore had knowledge that the charged items in their possession had had their serial numbers removed. Furthermore, the inference that appellants altered the serial numbers on the stereo sold them by the Harveys also speaks to appellants’ possible knowledge of the removal of Mendoza’s name and social security number from the camera found in appellants’ possession. (Evid. Code, §§ 351, 1101, subd. (b).)
 

 We are, of course, cognizant of the well established principle that such evidence cannot be introduced solely to show disposition or propensity to commit the crime charged
 
 (People
 
 v.
 
 Stanley
 
 (1967) 67 Cal.2d 812, 816 [63 Cal.Rptr. 825, 433 P.2d 913]) and are aware of the caution with which evidence of prior acts or crimes must be received
 
 (People
 
 v.
 
 Kelley
 
 (1967) 66 Cal.2d 232, 239 [57 Cal.Rptr. 363, 424 P.2d 947]). However, when it is relevant and material and not merely cumulative with respect to evidence which the People may use to prove the same issue
 
 (People
 
 v.
 
 Stanley, supra,
 
 67 Cal.2d 812, 818-819) the judge is not guilty of an abuse of discretion under Evidence Code section 352 in admitting it.
 

 
 *965
 
 Contrary to appellants’ argument, the evidence is not cumulative as to either the felony charge or the misdemeanor charges. With regard to the felony charge of receiving stolen property, it is one of the few bits of evidence which the prosecution had available to introduce regarding appellants’ knowledge of the stolen character of Mendoza’s camera equipment. With regard to the removal of serial numbers misdemeanor charges, the evidence of this transaction was the only evidence the prosecution introduced which demonstrated that appellants received a piece of property with the serial number intact and a short time later were found to have that property in their possession with the serial number no longer affixed. Thus, evidence of the Harvey transaction is not only not cumulative but also is necessary to the prosecution’s case.
 

 Erroneous Instruction
 

 In a half-page argument appellant Harris contends the giving of CALJIC No. 2.50
 
 [2]
 
 was reversible error because the instruction did not advise the jury that proof of the prior offense must be based upon positive, conclusive and substantial evidence and because the instruction failed to advise the jury that it must conclude that the prior offense was in fact committed. Appellant cites
 
 People
 
 v.
 
 Albertson
 
 (1944) 23 Cal.2d 550, 578-579 [145 P.2d 7], in support of his argument.
 

 Appellant’s first contention has been rejected in
 
 People
 
 v.
 
 Donnell
 
 (1975) 52 Cal.App.3d 762,
 
 777
 
 [125 Cal.Rptr. 310], and
 
 People
 
 v.
 
 Ragen
 
 (1968) 262 Cal.App.2d 392, 403 [68 Cal.Rptr. 700] (cert. den., 393 U.S.
 
 *966
 
 1000 [21 L.Ed.2d 465, 89 S.Ct. 489]). The prior offense need only be proven by a preponderance of substantial evidence.
 

 It is true that in
 
 People
 
 v.
 
 Albertson, supra,
 
 23 Cal.2d at pages 578-579, Justice Carter, speaking for himself and two other justices, in referring to a limiting instruction as to prior acts stated: “This instruction was erroneous and misleading, and it invaded the province of the jury in that it was unqualified by any statement that before the jurors could consider the testimony for the specified purposes, they must conclude, first, that Kmetz was in fact assaulted on the night of August 30th and, second, that defendant was in fact the assailant of John Kmetz on that night.” This was one of several grounds for reversal.
 

 A fourth justice (Justice Traynor) wrote an opinion setting forth the specific grounds upon which he concurred in the reversal. He did not mention the above ground as being one of the reasons. Three justices dissented. It therefore appears that a majority of the court did not concur in the statement upon which appellant relies, and we therefore do not regard the statement in this plurality opinion as precedent binding on this court.
 
 (North
 
 v.
 
 Superior Court
 
 (1972) 8 Cal.3d 301, 307-308 [104 Cal.Rptr. 833, 502 P.2d 1305, 57 A.L.R.3d 155].) Moreover,
 
 the Albertson
 
 case has never been cited for this proposition since it was filed.
 

 In addition, CALJIC No. 2.50 was requested by appellant Harris’ coappellant, LeMaster. In
 
 People
 
 v.
 
 Shannon
 
 (1963) 211 Cal.App.2d 525, 532 [27 Cal.Rptr. 264], an instruction similar to CALJIC No. 2.50 was requested by Shannon’s codefendant. On appeal appellant therein urged as a ground for reversal the fact that the instruction was given. The court said “In the absence of any other proffered instruction or for amplification on the subject, this [instruction essentially the same as CALJIC No. 2.50] was sufficient.”
 

 Further, the failure to request CALJIC No. 2.50 or similar limiting instruction as to prior acts or offenses constitutes a waiver to have such an instruction given.
 
 (People
 
 v.
 
 Beagle
 
 (1972) 6 Cal.3d 441, 456 [99 Cal.Rptr. 313, 492 P.2d 1];
 
 People
 
 v.
 
 Holbrook
 
 (1955) 45 Cal.2d 228, 233 [288 P.2d 1];
 
 People
 
 v.
 
 Jackson
 
 (1975) 45 Cal.App.3d 67, 70 [119 Cal.Rptr. 71]; cf.
 
 People
 
 v.
 
 Williams
 
 (1970) 11 Cal.App.3d 970, 978 [90 Cal.Rptr. 292].) If appellant Harris desired a limiting instruction or wanted to modify the one requested by his coappellant to include something he now claims was omitted, it was his duty to request it since the court had no
 
 sua sponte
 
 duty to give such an instruction to begin with.
 

 
 *967
 
 Sufficiency of the Evidence
 

 Appellant Harris argues that the evidence was insufficient to support the verdict as to him. The contention is directed toward proof of residency and thus possession of the items at the North Villa Street address and failure to prove the items in question ever bore serial numbers.
 

 With regard to proof of residency, the officers picked up at the premises a billing form for a magazine subscription addressed to appellant Harris at that location, a picture of him was hanging on the wall, the car he was frequently seen driving was parked in the driveway and he was running from the premises when arrested. These facts are sufficient.
 
 (People
 
 v.
 
 Redmond
 
 (1969) 71 Cal.2d 745 [79 Cal.Rptr. 529, 457 P.2d 321].)
 

 As to the proof that the articles bore serial numbers, the testimony of a police officer was sufficient. That officer testified regarding each of the items appellant was alleged to have had in his possession with altered serial numbers. In each case the officer pointed out to the jury the location of the missing number on the item in question and indicated the physical evidence of its removal.
 
 (People
 
 v.
 
 Redmond, supra,
 
 71 Cal.2d 745.)
 

 Prejudice by Receipt of Evidence Supporting a Count Later Dismissed
 

 Appellant Harris argues that the introduction of a tape recorder forming the basis of a count dismissed by the court because it bore a serial number was misconduct of the prosecutor and prejudiced appellant. (P
 
 eople
 
 v.
 
 Williams
 
 (1951) 104 Cal.App.2d 323 [231 P.2d 544].) However, the count was dismissed not because the article carried a serial number per se but because there was a number located near where the serial number would be expected to be found but not where it normally was located which created an ambiguity and would require the jury to speculate concerning the issue. This therefore falls far short of deliberate misconduct of the prosecutor.
 
 (People
 
 v.
 
 Beivelman
 
 (1968) 70 Cal.2d 60, 75 [73 Cal.Rptr. 521, 447 P.2d 913] (cert. den., 406 U.S. 971).) Furthermore, the dismissal would only operate to the benefit of appellant in thrusting into the jurors’ minds doubt as to the strength of the remainder of the prosecution’s case.
 

 
 *968
 
 Delay in Supplying Prosecution Evidence
 

 By oversight certain photographs used as evidence had not been developed prior to trial. These were taken at the North Villa Street address and consisted of appellant LeMaster’s driver’s license, Medicare documents with her name on them and an envelope addressed to her at that address. Upon discovery of the oversight, the pictures were immediately printed and supplied to appellant by 2 p.m. on the first day of trial.
 

 Relying upon
 
 People
 
 v.
 
 Ruthford
 
 (1975) 14 Cal.3d 399, 408 [121 Cal.Rptr. 261, 534 P.2d 1341], appellant LeMaster argues that she was denied a fair trial by failure to supply the items of evidence earlier. It is to be noted that the prosecution did not suppress the evidence as in
 
 Ruthford
 
 but rather was late in complying with.the discovery order.
 

 The burden is upon the appellant to show that the late compliance prejudiced her case.
 
 (People
 
 v.
 
 Reyes
 
 (1974) 12 Cal.3d 486, 502 [116 Cal.Rptr. 217, 526 P.2d 225]; see
 
 People
 
 v.
 
 Morris
 
 (1964) 226 Cal.App.2d 12, 16 [37 Cal.Rptr. 741].) This she has utterly failed to do. The evidence was not favorable to appellant, and appellant makes no showing whatsoever of prejudice. Accordingly, the point must be rejected.
 

 Were Appellants Improperly Convicted of All Nine Counts of Violating Penal Code Section 537e
 
 [3]
 

 Appellant Harris contends that he should have been convicted of only one count of possessing property with altered serial numbers because the nine counts invplved simultaneous possession of only one classification of
 
 [4]
 
 He argues in the alternative that if conviction of the nine separate counts is legally authorized he can be punished upon only one
 
 *969
 
 of the counts by reason of the proscription of Penal Code section 654 against double punishment.
 

 Since we hold that appellants can be convicted of only one count of possession under Penal Code section 537e, we do not reach the double punishment argument. While jurisprudential considerations of double conviction and double punishment are similar, the former is concerned more with identity of offenses as distinguished from identity of transactions from which they arise.
 
 (People
 
 v.
 
 Schroeder
 
 (1968) 264 Cal.App.2d 217, 228 [70 Cal.Rptr. 491].) “Section 654’s preclusion of multiple prosecution is separate and distinct from its preclusion of multiple punishment.”
 
 (Neal
 
 v.
 
 State of California
 
 (1960) 55 Cal.2d 11, 21 [9 Cal.Rptr. 607, 357 P.2d 839];
 
 People
 
 v.
 
 Winchell
 
 (1967) 248 Cal.App.2d 580, 587 [56 Cal.Rptr. 782].) It has been stated that “... section 654 prohibits multiple punishment, not multiple convictions.”
 
 (In re Adams
 
 (1975) 14 Cal.3d 629, 636 [122 Cal.Rptr. 73, 536 P.2d 473].) Accordingly, if double conviction is prohibited, the issue of double punishment becomes moot.
 
 (People
 
 v.
 
 Bauer
 
 (1969) 1 Cal.3d 368, 375 [82 Cal.Rptr. 357, 461 P.2d 637, 37 A.L.R.3d 1398] (cert. den., 400 U.S. 927 [27 L.Ed.2d 187, 91 S.Ct. 190]).)
 

 Turning to the issue of double conviction, the Attorney General relies upon a long line of decisions concerning unlawful possession of narcotics which have authorized multiple conviction (and punishment) where the drugs were chemically of more than one kind, though of the same legal classification, and proscribed by one statute.
 
 (People
 
 v.
 
 Aguirre
 
 (1970) 10 Cal.App.3d 884, 893 [89 Cal.Rptr. 384]—conviction of possession for sale of amphetamine sulfate and barbituric acid constitutes two offenses for which defendant may be separately convicted, those drugs being defined as separate drugs under Health and Safety Code section 11901 (now § 11032);
 
 People
 
 v.
 
 Schroeder, supra,
 
 264 Cal.App.2d 217, 227—possession of morphine and opium supported two counts;
 
 People
 
 v.
 
 Seaberry
 
 (1968) 260 Cal.App.2d 507, 510 [67 Cal.Rptr. 182]—conviction of possession for sale of Seconal and of possession for sale of Benzedrine;
 
 People
 
 v.
 
 Lockwood
 
 (1967) 253 Cal.App.2d 75, 82 [61 Cal.Rptr. 131]—possession of codeine and opium supported two counts;
 
 People
 
 v.
 
 Lopez
 
 (1959) 169 Cal.App.2d 344, 351 [337 P.2d 570]—posses-sion of heroin, marijuana and amidone supported three counts.)
 

 However, a defendant cannot be multiply convicted of simultaneous possession of a substance or its derivatives proscribed in only one of the subdivisions of Health and Safety Code section 11001 (now § 11019). For
 
 *970
 
 example, in
 
 People
 
 v.
 
 Schroeder, supra,
 
 264 Cal.App.2d 217, 228-229, the court held that appellant therein had been improperly charged and convicted of too many offenses in that counts one and two fell within subdivision (a) of Health and Safety Code section 11001 and counts three through nine fell within the category of subdivision (b) of that section. The appellant therein should have been convicted of only two separate offenses instead of nine.
 

 Properly drawing the analogy urged by respondent would require the court to hold that a defendant can be convicted only of as many offenses as there are specific kinds of property specified in Penal Code section 537e, that is, “a radio, piano, phonograph, sewing machine, washing machine, typewriter, adding machine, comptometer, bicycle, a safe or vacuum cleaner, dictaphone, watch, watch movement, watch case, or any mechanical or electrical device, appliance, contrivance, material, piece of apparatus or equipment.” A defendant could not, then, be convicted separately of possessing two radios or two sewing machines or, for that matter, nine appliances.
 
 [5]
 

 Aside from our reaction that it would seem nonsensical to permit two convictions based upon the possession of a radio and piano, for example, and permit only one conviction for possession of two radios, research has failed to disclose any case where the courts have extended the principle of narcotics cases to other property. In fact, there is some persuasive authority to the contrary. In the case of property other than narcotics, the courts seem to have required that the defendant be in possession of contraband proscribed by different statutes in order to convict him of more than one offense.
 

 Thus, in
 
 People
 
 v.
 
 Puppilo
 
 (1929) 100 Cal.App. 559, 562-566 [280 P. 545], after reviewing the cases the court held the defendant could be convicted of only one offense of illegal possession of concealable firearms under Penal Code section 12021 even though at the time of his arrest officers discovered secreted in his residence a .32 caliber Smith and Wesson revolver and a .22 caliber Harrington and Richards revolver. By
 
 *971
 
 way of analogy it has been held that the simultaneous receipt or theft of several stolen articles constitutes but a single offense.
 
 (People
 
 v.
 
 Lyons
 
 (1958) 50 Cal.2d 245, 275 [324 P.2d 556];
 
 People
 
 v.
 
 Smith
 
 (1945) 26 Cal.2d 854, 858-859 [161 P.2d 941].)
 

 However, where the possession of items of contraband is proscribed by different statutes, it has been held permissible to convict of two offenses.
 
 (People
 
 v.
 
 Winchell, supra,
 
 248 Cal.App.2d 580, 587—possession of burglars’ tools in violation of Penal Code section 466 and possession of a concealable firearm under Penal Code section 12021 is permissible.)
 

 We perceive no inclination of the Supreme Court to extend the rule of the drug cases to other property. In
 
 In re Adams, supra,
 
 14 Cal.3d 629, a multiple punishment case, the Supreme Court, while recognizing the divisible concept of possession in drug cases, held that under Penal Code section 654 a defendant could only be punished on a single count of transportation of narcotics even though such transportation included different types of illegal narcotics and drugs.
 

 It is concluded that no public policy argument akin to that involved in the drug cases would apply to permit punishment of a defendant based upon different devices specified in Penal Code section 537e. Our analysis leads us to the conclusion that it would be unreasonable to fragment the simultaneous possession of the various articles described in Penal Code section 537e into separate acts of possession by category of the items enumerated.
 

 For the foregoing reasons the judgments (orders granting probation) as to both appellants are reversed with directions to the trial court to recite in the pronouncement of judgment and sentence that each appellant stands convicted of one count of violating Penal Code section 537e only and to rearraign the appellants for sentencing on one count only as to each appellant.
 

 Gargano, J., and Hopper, J., concurred.
 

 [1]
 

 The receiving stolen property charge was based upon the seizure of a camera and three lenses from Harris’ vehicle parked in the driveway of the residence. Michael Mendoza testified these items disappeared from his apartment when it was burglarized during the night of December 20-21, 1975. His name and social security number were engraved on the equipment and had been removed at the time they were seized except his name was still legible on one of the lenses.
 

 [2]
 

 CALJIC No. 2.50 provides:
 

 “Evidence has been received tending to show that the defendant committed [a crime] [crimes] other than that for which he is on trial.
 

 “Such evidence was not received and may not be considered by you to prove that he is a person of bad character or that he has a disposition to commit crimes.
 

 “Such evidence was received and may be considered by you only for the limited purpose of determining if it tends to show:
 

 “1. The identity of the person who committed the crime, if any, of which the defendant is accused;
 

 “2. A motive for the commission of the crime charged;
 

 “3. The existence of the intent which is a necessary element of the crime charged;
 

 “4. That the defendant had knowledge of the nature of things found in his possession;
 

 “5. That the defendant had knowledge or possessed the means that might have been useful or necessary for the commission of the crime charged;
 

 “6. A characteristic method, plan or scheme in the commission of criminal acts similar to the method, plan or scheme used in the commission of the offense in this case.
 

 “For the limited purpose for which you may consider such evidence, you must weigh it in the same manner as you do all other evidence in the case.
 

 “You are not permitted to consider such evidence for any other purpose.”
 

 [3]
 

 Penal Code section 537e provides in part: “(a) Any person who knowingly buys, sells, receives, disposes of, conceals, or has in his possession a radio, piano, phonograph, sewing machine, washing machine, typewriter, adding machine, comptometer, bicycle, a safe or vacuum cleaner, dictaphone, watch, watch movement, watch case, or any mechanical or electrical device, appliance, contrivance, material, piece of apparatus or equipment, from which the manufacturer’s name plate, serial number or any other distinguishing number or identification mark has been removed, defaced, covered, altered or destroyed, is guilty of a misdemeanor.”
 

 [4]
 

 Appellant LeMaster has not raised the double punishment issue on appeal. Notwithstanding that failure, we have decided the issue as to her as we cannot conceive of any circumstance wherein the result would not be to her benefit. However, if the court is mistaken in this regard, she can raise her objections thereto on petition for rehearing.
 

 [5]
 

 Even accepting the Attorney General’s argument, appellant herein could not be convicted on all nine counts because there is duplication of some of the “categories” specified in Penal Code section 537e. Appellant herein received convictions based on possession of four television sets (counts two, three, eight, and nine) two pairs of wood speakers (counts five and six), a stereo component system (count four), a tape deck (count seven) and a clock radio (count ten). Thus, appellant could only be convicted of a maximum of five counts, and perhaps less, depending upon into which “category” one fits the various items other than the clock radio, which is specifically designated as a category.