LIU, J., Concurring and Dissenting.
The court holds that Evidence Code section 1108 applies to charged as well as uncharged offenses. (Maj. opn., ante, at pp. 1160-1167; further statutory references are to the Evidence Code.) However, neither the language nor the legislative history of section 1108 supports this construction. (See cone. & dis. opn. of Corrigan, J., ante, at pp. 1172-1175.) Section 1101 and, in turn, section 1108 govern whether evidence is admissible or inadmissible. These statutes do not govern how evidence that has been properly admitted—here, evidence of charged sex crimes—may be used by a jury. As Justice Corrigan explains: “The present case does not concern the admission of evidence, nor does it concern evidence of a defendant’s uncharged sex crimes. The question here is whether the jury should be instructed that it can infer, from a finding that the defendant committed one of the charged sex crimes, that he has a propensity to commit such offenses and, thus, may have committed the other sex crimes for which he is on trial. Section 1108 simply does not address this question.” (Cone. & dis. opn. of Corrigan, J., ante, at p. 1175.) I agree with Justice Corrigan that the trial court erred in instructing the jury with a modified version of CALCRIM No. 1191 but that the error was harmless in this case.
*1183 Even if the court were correct that section 1108 applies to charged offenses, I see no convincing basis to conclude from the record here that the trial court “implicitly conducted a section 352 analysis.” (Maj. opn., ante, at p. 1168; see § 352 [authorizing courts to exclude evidence upon weighing its probative value against its prejudicial impact].) The trial court’s statement—“[CALCRIM No.] 1191, for the record, I’ve given you both a copy based on the instruction given in Wilson”—is too slender a reed to support an inference that the trial court found all the requirements in People v. Wilson (2008) 166 Cal.App.4th 1034 [83 Cal.Rptr.3d 326], including a section 352 analysis, to have been satisfied. Although we said in People v. Padilla (1995) 11 Cal.4th 891 [47 Cal.Rptr.2d 426, 906 P.2d 388] that “we are willing to infer an implicit weighing by the trial court on the basis of record indications well short of an express statement,” those indications in Padilla included the prosecution’s pretrial brief stating “that an Evidence Code section 352 weighing was required as a condition of admitting the evidence” and defense counsel’s oral argument “[taking] the position that what he referred to as the ‘extreme prejudice’ likely to follow on the admission of such evidence should bar its use.” (Id. at p. 924.) The record in Padilla, we said, “signaled] that counsel and the trial court had in mind the appropriate analytic framework for passing on the admissibility of the evidence, that the court was therefore aware of the need to weigh the evidence under section 352, and thus that it must have done so.” (Ibid.) Even with those signals, we said in Padilla that “[t]he scantiness of the transcript makes the issue a close one.” (Id. at p. 925.)
In this case, the record offers even less to indicate that the court conducted a section 352 analysis. The trial court’s reference to Wilson indicates only that the modified instruction was “based on the instruction given in Wilson” and not that the trial court conducted a section 352 analysis. That statement was preceded by two brief discussions outside the presence of the jury. During voir dire, the prosecutor advised the court and defense counsel that she would request a modified version of CALCRIM No. 1191. During the presentation of the defense case, the court stated that the prosecutor asked that the preponderance of the evidence standard of proof in CALCRIM No. 1191 be replaced by proof beyond a reasonable doubt. The prosecutor added that the words “uncharged or prior” also should be changed to “other charged offenses” so that the modified instruction would “make sense.” Section 352 was not discussed, and the record contains no briefs or other material bearing on this issue.
The court’s unfounded inference that the trial court actually conducted a section 352 analysis weakens the crucial protective role of that analysis in the statutory scheme. In People v. Falsetta (1999) 21 Cal.4th 903 [89 Cal.Rptr.2d 847, 986 P.2d 182] (Falsetta), we recognized that the use of propensity evidence implicates a serious danger of undue prejudice. (Id. at p. 915, citing *1184 People v. Alcala (1984) 36 Cal.3d 604, 631 [205 Cal.Rptr. 775, 685 P.2d 1126] [“Such evidence ‘is [deemed] objectionable, not because it has no appreciable probative value, but because it has too much.’ ”] and Michelson v. United States (1948) 335 U.S. 469, 476 [93 L.Ed. 168, 69 S.Ct. 213] [propensity evidence tends to “overpersuade” the jury].) In the face of that concern, we considered in Falsetta whether section 1108 violates the constitutional principle of due process.
We concluded that “in light of the substantial protections afforded to defendants in all cases to which section 1108 applies, we see no undue unfairness in its limited exception to the historical rule against propensity evidence.” (Falsetta, supra, 21 Cal.4th at p. 915.) Central to our analysis was section 1108’s language stating that other-sex-crimes evidence “is not made inadmissible by Section 1101, if the evidence is not inadmissible pursuant to Section 352.” (§ 1108, subd. (a), italics added.) We said that even as “trial courts may no longer deem ‘propensity’ evidence unduly prejudicial per se,” they “must engage in a careful weighing process under section 352.” (Falsetta, at pp. 916-917.) The requirement that trial courts undertake a careful section 352 analysis was critical, we held, to saving section 1108 from constitutional doubt. (Falsetta, at p. 917 [“In summary, we think the trial court’s discretion to exclude propensity evidence under section 352 saves section 1108 from defendant’s due process challenge.”]; id. at p. 916 [“[W]e believe section 352 provides a safeguard that strongly supports the constitutionality of section 1108.”]; id. at p. 918 [“ ‘ With this check upon the admission of evidence of uncharged sex offenses in prosecutions for sex crimes, we find that. . . section 1108 does not violate the due process clause.’ [Citation.]”].) The vital protective function of section 352 analysis, repeatedly emphasized in Falsetta, requires a more specific indication than is present on the record here that the trial court actually conducted the required analysis.
I agree with Justice Corrigan that absent a statutory exception, the general rule against propensity evidence informs the proper use of evidence of charged offenses in a multiple-count case. (See cone. & dis. opn. of Corrigan, J., ante, at p. 1180 [inferring criminal propensity from evidence of a charged offense in a multiple-count case is “typically impermissible”].) Courts have generally held that a trial court has no duty to instruct the jury sua sponte in a multiple-count case that evidence of one charged offense may not be considered as evidence of general criminality tending to prove a defendant’s guilt of another charged offense. (E.g., People v. Holbrook (1955) 45 Cal.2d 228, 233 [288 P.2d 1]; People v. Thornton (1979) 88 Cal.App.3d 795, 803-804 [152 Cal.Rptr. 77]; People v. Jackson (1975) 45 Cal.App.3d 67, 70 [119 Cal.Rptr. 71].) But it remains an open question whether a defendant charged with multiple nonsexual offenses may be entitled to such an instruction upon request. It also remains open whether a defendant charged with multiple sexual offenses may be entitled to such an instruction upon request if *1185 he is able to show that drawing a propensity inference from evidence of a charged offense would be unduly prejudicial and thus improper in light of “such factors as its nature, relevance, and possible remoteness, the degree of certainty of its commission and the likelihood of confusing, misleading, or distracting the jurors from their main inquiry, [and] its similarity to [another] charged offense.” (Falsetta, supra, 21 Cal.4th at p. 917.)