Filed 5/26/15  P. v. Robinson CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SHERROD ROBINSON,<br><br>    Defendant and Appellant. | D064987<br><br><br><br>(Super. Ct. No. SCD244583) |

APPEAL from a judgment of the Superior Court of San Diego County, Joan P. Weber, Judge.  Affirmed.

Sarah K. McGann, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Englar, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Teresa Torreblanca and Daniel Hilton, for Plaintiff and Respondent.

INTRODUCTION

A jury convicted Sherrod Robinson of two counts of possession of a firearm by a felon (Pen. Code,[1] § 29800, subd. (a)(1); counts 1 & 5), one count of having a concealed firearm in a vehicle by a felon (§ 25400, subds. (a)(1) & (c)(1); count 2), carrying a loaded firearm by a felon (§ 25850, subds. (a) & (c)(1); count 3), and two counts of resisting a police officer (§ 148, subd. (a)(1); counts 4 & 7). Counts 1 through 4 were related to an incident occurring on May 5, 2012 (May 5 incident), and counts 5 and 7 were related to an incident occurring November 20, 2012 (November 20 incident).

After the jury returned its verdicts, Robinson admitted having a prior strike conviction (§§ 667, subd. (b)-(i), 1170.12). The trial court sentenced him to four years in prison.

Robinson appeals, contending the trial court abused its discretion by denying his motion to sever the trial of charges related to the May 5 incident from the charges related to the November 20 incident. He also contends the trial court abused its discretion by failing to instruct the jury the evidence related to charges for one incident could not be considered in determining his guilt of the charges for the other incident. We are unpersuaded by these contentions and affirm the judgment.

---

[1]     Further statutory references are also to the Penal Code unless otherwise stated.

BACKGROUND

*May 5 Incident*

A police officer noticed Robinson speeding through a residential neighborhood and stopped him. The officer got out of his patrol car as Robinson got out of his vehicle. For officer safety reasons, the officer ordered Robinson to get back in his vehicle multiple times. Robinson disregarded the officer's orders and ran away. The officer chased him, but was unable to catch him.

The officer returned to Robinson's car. Robinson's passenger had gotten out of the vehicle and was standing next to it. As the officer spoke with the passenger, the officer noticed Robinson approximately 150 feet away and had another officer detain him.

A police dog searched the path Robinson took when he ran away. The dog alerted to a nine-millimeter handgun hidden in a shrub. The shrub was adjacent to an apparently vacant house with a "For Sale" sign in front of it. The dog put his paws up on a fence by the shrub, which indicated to the dog's handler that the dog could smell human odor in the area. The handler interpreted the dog's actions to mean someone had just been to the shrub and had disturbed the vegetation in the area.

Subsequent tests indicated Robinson was included as a possible major contributor to a DNA mixture found on the gun. The probability of randomly selecting an individual from the African-American population who would be included as a possible major contributor to the mixture was one in 9,600.

3

Robinson testified the gun did not belong to him, he had never seen it before, he had never touched it and he did not know to whom it belonged. He further testified he was scared of guns because he had previously been shot seven times.

*November 20 Incident*

A police officer responded to a report of a fight. The reporting party told the officer one of the men involved in the fight was standing next to or getting into a white van and had a gun concealed in his waistband. The officer approached the van with his gun drawn. The rear side door of the van was open and Robinson was sitting on the edge of the opening. The officer ordered Robinson to show his hands. Robinson jumped into the van and slammed the door shut. The van rocked back and forth as if Robinson was moving about inside of it. Interior blackout curtains prevented the officer from seeing what was happening.

After receiving multiple commands to come out, Robinson got out of the van and the officer arrested him. The officer searched the van and found a loaded revolver on the driver's seat behind a toolbox and other items.

Subsequent tests indicated Robinson was included as a possible major contributor to a DNA mixture found on the gun. The probability of randomly selecting an individual from the African-American population who would be included as a possible major contributor to the mixture was one in 5.1 billion.

4

Robinson testified the gun did not belong to him, he never touched it, and he did not know to whom it belonged. He denied ever owning a gun or being familiar with guns.[2]

DISCUSSION

I

*Severance*

A

Robinson moved to sever the trial of the charges related to the May 5 incident from the charges related to the November 20 incident. He argued severance was warranted because the incidents were unrelated, the evidence for each set of charges was not cross-admissible, he had separate defenses for each set of charges, he might want to testify about one set of charges and not the other, and the prosecution might use the evidence from one set of charges to infer his guilt for the other set of charges. Conversely, the People argued severance was not warranted because each set of charges involved the same class of crimes and both sets of charges required testimony from the same DNA expert and proof Robinson was a felon. The trial court denied the motion, reasoning the charges were of the same class, the DNA evidence was cross-admissible, one set of charges was not appreciably weaker than the other, and there was not a legitimate basis for disregarding the preference in section 954 for joint trials.

---

[2]    At the sentencing hearing, Robinson admitted he had possessed the firearms. He stated he did so because he had previously been shot seven times and stabbed nine times during a home-invasion robbery, he was scared for his life, and he was trying to protect himself and his family.

B

Robinson contends the trial court abused its discretion by denying his severance motion because the court incorrectly presumed the evidence for the two sets of charges was cross-admissible, it did not fully consider the aggregate impact of two separate gun charges with DNA evidence, and it dismissed Robinson's concerns about the impact joinder would have on his ability to defend himself. We review a trial court's decision to deny a severance motion for abuse of discretion. (*People v. Vines* (2011) 51 Cal.4th 830, 855.) Robinson has not established such abuse occurred here.

"Section 954 authorizes the joinder of 'two or more different offenses connected together in their commission . . . or two or more different offenses of the same class of crimes or offenses, under separate counts . . . .' " (*People v. Merriman* (2014) 60 Cal.4th 1, 36 (*Merriman*).) The law favors joinder because it promotes efficiency. (*Id.* at p. 37.) Robinson does not dispute on appeal the statutory requirements for joinder were met in this case. (See, e.g., *People v. Soper* (2009) 45 Cal.4th 759, 771 (*Soper*) [identical charges are of the same class].)

Nonetheless, "a trial court has discretion to order that properly joined charges be tried separately." (*Merriman*, *supra*, 60 Cal.4th at p. 37.) "In exercising its discretion in this regard, the court weighs 'the potential prejudice of joinder against the state's strong interest in the efficiency of a joint trial. [Citation.]' [Citation.] To succeed on a claim that the trial court abused its discretion in denying severance or ordering consolidation, the defendant must make a ' "clear showing of prejudice" ' and establish that the ruling fell ' " ' " 'outside the bounds of reason.' " ' " ' [Citations.] An appellate court evaluates

6

such claims in light of the showings made and the facts known by the trial court at the time of the court's ruling." (*Id.* at p. 37.)

" ' "The relevant factors are whether (1) the evidence would be cross-admissible in separate trials, (2) some charges are unusually likely to inflame the jury against the defendant, (3) a weak case has been joined with a strong case, or with another weak case, so that the total evidence may unfairly alter the outcome on some or all charges, and (4) one of the charges is a capital offense, or joinder of the charges converts the matter into a capital case." [Citation.] "[I]f evidence underlying the offenses in question would be 'cross-admissible' in separate trials of other charges, that circumstance normally is sufficient, standing alone, to dispel any prejudice and justify a trial court's refusal to sever the charged offenses." ' " (*People v. Scott* (2011) 52 Cal.4th 452, 469-470; *Merriman*, *supra*, 60 Cal.4th at p. 38.)

Here, the evidence related to Robinson's status as a felon, the process of collecting a sample of his DNA, the process of developing a DNA profile for him, and the process of testing items for DNA and evaluating the test results would have been cross-admissible at separate trials. Thus, the trial court was justified in denying Robinson's motion.

Even if evidence had not been cross-admissible, severance was not required because the factors weighing in favor of severance—conversion of charges into a capital offense, likelihood to unduly inflame the jury, and bolstering a weak case with a strong case—were absent. (*People v. Scott, supra*, 52 Cal.4th at p. 473; *Soper, supra*, 45 Cal.4th at pp. 779-780 [absence of cross-admissibility by itself is not sufficient to establish abuse

7

of discretion in denying severance motion; reviewing court must consider and weigh other three factors as well].)  The joinder of the two sets of charges did not convert the matter into a capital case and the evidence related to one set of charges was not more inflammatory than the evidence related to the other set of charges.  Additionally, the evidence supporting Robinson's guilt of each set of charges was of comparable strength. While the DNA evidence was arguably stronger for the charges related to the November 20 incident, other evidence, including Robinson's flight, bolstered the DNA evidence for the charges related to the May 5 incident.  "In any event, as between any two charges, it always is possible to point to individual aspects of one case and argue that one is stronger than the other.  A mere imbalance in the evidence, however, will not indicate a risk of prejudicial 'spillover effect,' militating against the benefits of joinder and warranting severance of properly joined charges.  [Citation.]  Furthermore, the benefits of joinder are not outweighed—and severance is not required—merely because properly joined charges might make it more difficult for a defendant to avoid conviction compared with his or her chances were the charges to be separately tried."  (*Soper*, at p. 781.)  Accordingly, Robinson has not met his burden of establishing the trial court's decision to deny his severance motion exceeded the bounds of reason.

Notwithstanding this conclusion, we must still determine whether, considering the same factors in hindsight, the joinder of the two sets of charges "actually resulted in 'gross unfairness' amounting to a denial of [Robinson's] constitutional right to fair trial or due process of law."  (*Merriman*, *supra*, 60 Cal.4th at p. 46; *Soper*, *supra*, 45 Cal.4th at pp. 783-784.)  Robinson has not persuaded us it did.

8

The relevance and cross-admissibility of the DNA collection and test processing evidence became more apparent as the trial progressed because Robinson's defense was the guns were not his, he had never touched them, and the contrary DNA evidence was unreliable. The joinder of the two sets of charges did not alter the relative strength of the prosecution's case on either set, did not cause one set to become more inflammatory than the other, and did not cause either set to be converted into a capital case. "A fortiori, [Robinson] has not shown actual prejudice amounting to a denial of fundamental fairness and due process." (*People v. Scott*, *supra*, 52 Cal.4th at p. 473.)

II

*Jury Instruction*

Robinson alternatively contends the trial court abused its discretion by failing to instruct the jury the evidence related to one set of charges could not be considered in determining his guilt of the other set of charges. However, Robinson has forfeited this contention by failing to ask the trial court to give this limiting instruction. (*People v. Chism* (2014) 58 Cal.4th 1266, 1308.)

Even if Robinson had not forfeited this contention, he has not established the trial court was required to give the limiting instruction. The trial court instructed the jury with CALCRIM No. 3515, which informed the jury, "Each of the counts charged in this case is a separate crime. You must consider each count separately and return a separate verdict for each one." Where, as here, cases are properly joined and the trial court gives the CALCRIM No. 3515 instruction, the limiting instruction sought by Robinson is

9

neither necessary nor proper. (*People v. Arias* (1996) 13 Cal.4th 92, 140-141 [involving CALJIC No. 17.02, the predecessor to CALCRIM No. 3515].)

In addition, Robinson has not established the trial court's failure to give the limiting instruction prejudiced him. Except for the DNA evidence and the evidence of Robinson's prior felony conviction, the two sets of charges were presented separately and the prosecutor never urged the jury to infer Robinson's identity, modus operandi, or propensity to commit one set of charges from the evidence of other set of charges. (See *People v. Chism*, *supra*, 58 Cal.4th at p. 1308 [trial court's failure to instruct jury evidence of one charged crime could not be considered to prove propensity to commit other charged crimes was harmless where the evidence had multiple permissible uses, the prosecutor did not urge the jury to infer propensity from the evidence, the jury presumptively followed the court's instructions regarding presumption of innocence and reasonable doubt, and there was overwhelming evidence to support convictions]; *People v. Jackson* (1975) 45 Cal.App.3d 67, 70 [trial court did not err in failing to instruct the jury that evidence of one charged crime could not be considered as evidence tending to prove guilt of another charged crime where the crimes involved separate incidents, evidence for each incident was received discretely, and evidence for each incident was not received to establish identity or modus operandi for the other incident].) Given our conclusions and rationale, Robinson also cannot establish his trial counsel provided ineffective assistance by failing to ask the trial court to give the limiting instruction. (*People v. Arias*, *supra*, 13 Cal.4th at p. 141.)

DISPOSITION

The judgment is affirmed.


McCONNELL, P. J.

WE CONCUR:


BENKE, J.


O'ROURKE, J.

11